ANTHONY G. WEAVER, plaintiff in error, *vs.* VIRGINIA WEAVER, defendant in error.

Where alimony has been granted to the wife, and fees ordered to be paid her counsel, pending a libel for divorce, and the libel is subsequently dismissed without trial, the order for alimony will be rescinded, but not that for the fees of counsel.

Motion to rescind an order granting temporary alimony and counsel fees, in Baker Superior Court. Decided by Judge ALLEN, in December, 1861.

Virginia Weaver instituted a libel for divorce, in Baker Superior Court, against her husband, Anthony G. Weaver. Pending the libel, the Court, on a proper application and showing, granted an order that the defendant pay into Court a certain sum of money to compensate the counsel of the libellant for bringing and prosecuting the libel, and also for the maintenance of the libellant pending the litigation. Subsequently to the passage of the order, and before any part of the money had been paid in, and after testimony had been taken by interrogatories and commission, and other preparation had been made in the case, the libellant, by her counsel, discontinued the libel.

Counsel for the defendant then moved to rescind the order for the payment of counsel fees and temporary alimony, and after argument had thereon, the presiding Judge decided to rescind the order as to the temporary alimony, and to affirm it so far as the counsel fees were concerned.

This decision is excepted to by the plaintiff and defendant both; by the plaintiff, because of the partial recission of the order, and by the defendant, because it was not entirely rescinded.

R. H. CLARK, for libellant.

STROZIER & SMITH, for defendant.

Crawford *vs.* Gaulden.

*By the Court.*—LUMPKIN, J., delivering the opinion.

Shall the judgment of the Court be affirmed? That the order allowing alimony to the wife should be rescinded, we think quite clear. For a payment to her, after the libel for divorce is dismissed, is nothing but a payment to the husband. He would have the right to receive the money. But counsel fees stand on a different footing, and the only question is: shall counsel be driven to his action at law to recover his fees, or shall the order already passed by the Court for that purpose be enforced? We see no reason for compelling counsel to resort to an independent action when his fees have been already adjudged by the proper Court, and consequently affirm the judgment of his Honor, Judge Allen, in both respects of it.

Let the judgment be affirmed.