ROBERTS *v.* ROBERTS.

115  259<br>· Case 2<br>·125  144

1. A judge who is related within the fourth degree of consanguinity or affinity to counsel for the applicant in an application for alimony in which an allowance for counsel fees is asked is disqualified from presiding in the case ; and this is true notwithstanding counsel have a binding contract with the applicant which obligates her to pay them fees commensurate with their services, independently of whether the application for alimony and counsel fees is successful or not.
2. There was no merit in the motion to dismiss the writ of error.

Argued April 7,—Decided April 25, 1902.

Alimony.  Before Judge Janes.  Polk superior court.  February 22, 1902.

*Blance, Wright & Tison, Fielder & Mundy*, and *King & Spalding*, for plaintiff in error.
*Janes & Hunt* and *Sanders & Davis*, contra.

COBB, J.  Mrs. Donia Roberts filed her application for alimony against John R. Roberts.  The judge passed an order granting alimony and counsel fees, and this judgment was reversed by this court, on the ground that the judge excluded evidence offered which should have been considered by him in determining the question. *Roberts* v. *Roberts*, 114 *Ga.* 590.  When the application came on before Judge Janes for further consideration, counsel for respondent insisted that the judge was disqualified from presiding, for the reason that his brother, William Janes, Esq., was leading counsel for the applicant and his fee in the case was contingent upon recovery and would have to be paid by the respondent.  It appeared from

the evidence introduced before the judge, that his brother was leading counsel for the applicant, and that the firm of which he was a member had a contract with her by which it was to be paid $100 as fees in any event for services in the superior court in connection with the first hearing of the application, but that there was no agreement as to services rendered in the Supreme Court or in the second trial of the application in the superior court; that there was no arrangement made between the firm in question and associate counsel about the division of the $100; that the application asked for $300 as counsel fees; that on the former hearing a judgment for $150 was obtained; and that counsel for the applicant expected to get pay for their services whether counsel fees were allowed on the application or not. The judge held that he was not disqualified to preside in the case, and postponed the hearing until a later day. When the case came on for a hearing again, objection was raised to the judge presiding, on the ground that he was related within the fourth degree of consanguinity to the wife of Col. J. K. Davis, who was of counsel for the applicant. The judge refused to admit evidence offered to show the fact of relationship set up in this objection, and that Col. Davis's fee in the case was contingent, upon the sole ground that testimony on the subject of disqualification had been heard at a previous date. Counsel stated that they did not know of the relationship above mentioned before the day on which the objection was raised to the judge's presiding in the case. The judge held that he was not disqualified, and ordered the case to proceed, over the respondent's objection. After hearing evidence the judge passed an order requiring respondent to pay to the applicant $150 as counsel fees and expenses, and $15 per month as temporary alimony. The respondent excepted, assigning error upon the ruling of the judge that he was not disqualified to preside in the case, and upon the order requiring him to pay alimony and counsel fees.

" It has been held that at common law the only ground for challenging a judge was personal interest or interest such as would disqualify a witness." 17 Am. & Eng. Enc. L. (2d ed.) 733. Under this rule a judge would not be disqualified to sit in a case to which a relative was a party, and it has been so held, the doctrine being based on the ground that favor will not be presumed in a judge; though there are cases holding that, even at common law, relation-

ship to parties operated to disqualify a judge, or was at least sufficient ground for his retirement on his own motion. Id. At common law, relationship to a party either by consanguinity or affinity was considered a ground of disqualification in a juror. Sir Edward Coke said that relationship in any degree was sufficient for this purpose, but later writers state that the relationship must be within the ninth degree, calculated according to the civil-law rules. Id. p. 1124. The general rule seems to be that a juror will not be disqualified by the fact that he is related to one of the counsel in the case, even though it be the prosecuting attorney. Id. 1126. The common-law rule, which disqualifies a juror in a case where he is related to one of the parties, is of force in this State, both in civil and criminal cases. *Moody* v. *Griffin*, 65 *Ga.* 304; *Ledford* v. *State*, 75 *Ga.* 856. The Penal Code recognizes as a ground of challenge for cause that a juror " is so near of kindred to the prosecutor, or the accused, or the deceased, as to disqualify him by law from serving on the jury." Penal Code, § 973 (4). See, in this connection, *McElhannon* v. *State*, 99 *Ga.* 672. While there is nothing in the code which in terms provides what degree of consanguinity or affinity to the prosecutor, or the accused, or the deceased, or the person who was the victim of the crime, will disqualify a juror, in civil cases it has been uniformly held that relationship within the fourth degree to either party, or to a member of a corporation which is a party, would disqualify. See *Moore* v. *Farmers Insurance Asso.*, 107 *Ga.* 199 (2), and cases cited. In *Ledford* v. *State*, supra, Mr. Chief Justice Jackson says, " The juror was disqualified, being a third cousin and within the ninth degree." This statement by the Chief Justice, that relationship within the ninth degree would disqualify, we suppose meant within the ninth degree as calculated by the rules of the civil law, and not by the rules of the canon law, which are of force in this State in reference to matters of inheritance. It has been held by this court that in determining the relationship of a party to a judge, in order to ascertain whether he is qualified to preside in the case, the rules of the canon law should be used. *Short* v. *Mathis*, 101 *Ga.* 287. It has been held that a juror was disqualified in a case where his half-brother was interested in the result of the case, although not a party to the record. *Beall* v. *Clark*, 71 *Ga.* 818. See also 17 Am. & Eng. Enc. L. (2d ed.) 1125. In *Melson* v. *Dickson*, 63 *Ga.*

682, it was held that a juror who would be incompetent if related to a party would be equally incompetent when related to an attorney whose fees were conditioned upon a recovery in the case. In the opinion Mr. Justice Jackson said : " Under the English law no such fees are allowed to counsel, and therefore kinsmen of the counsel are not incompetent jurors. Hence the dictum in Bacon's Abridgment. 5 Bacon's Abridg. title Juries, p. 354. But in our State the law is totally changed, and the reason and spirit of the dictum ceasing, it has no authority here. They were as much interested and as partial as if of kin to the plaintiff himself, if the fee were half the recovery, and probably it was; at all events, they were not omni exceptione majores if the fee were any part of the recovery, and this it was proposed to prove." See also *Crockett* v. *McLendon*, 73 *Ga.* 86 (2), and cases cited.

It will thus be seen that at common law the judge was not disqualified by relationship to a party or to a person interested in the result of the case, while a juror was. The common-law rule in reference to jurors has never been changed in this State, but has been steadfastly adhered to. The common-law rule in reference to the judge, which declared him disqualified only in a case where he was a party, or interested therein, seems to have been the rule in Georgia until the adoption of the Code of 1863. See Cobb's Dig. 460; Clayton's Dig. 39. By the provisions of that code no judge was permitted to sit in any case or proceeding in which he was pecuniarily interested, or related to either party within the fourth degree of consanguinity or affinity, nor in which he had been of counsel, without the consent of all the parties at interest. Code 1863, § 199. These provisions of the Code of 1863 are now embodied in the Civil Code, § 4045, which contains a further ground of disqualification, where the judge has presided in a case in an inferior judicatory and his ruling or decision is the subject of review. Should the word " party," in the section of the code just referred to, be given the technical and narrow meaning of one who is a party to the record and absolutely bound by the judgment in the case? Or should that word be construed more liberally, and include any one who is pecuniarily interested in the result of the suit, although not a party to the record and not necessarily bound by the judgment therein, notwithstanding he would be benefited by the judgment if rendered in a particular way? In considering a similar

statute the Supreme Court of Texas construed the word "party" in its technical sense, and held that it did not include any one except those who were parties to the record and bound by the judgment.  Winston *v.* Masterson, 27 S. W. 768; Knapp *v.* Campbell, 36 S. W. 765.  In referring to the subject of the disqualification of a judge, it is said in the American and English Encyclopædia of Law (vol. 17, 2d ed.), that the cases construing the various statutory provisions disqualifying for relationship to a "party" are not uniform, some confining their application to actual parties, while others are much broader in their construction.  In the light of the rule which has been followed in this State with reference to a juror who is related to a person interested in the result of the suit, although not a party to the record, we think the proper construction to be placed upon the word "party" in the section of the code which declares when a judge shall be disqualified is the broad meaning which would include any one pecuniarily interested in the result of the case, and not the narrow and technical meaning which would limit the rule to a person who was a party to the record.

The reasons at the foundation of the rule which forbid a juror from sitting in a case where he is related to some one pecuniarily interested in the result of the suit would also apply in the case of a judge who was in a similar situation.  If one not a party to the record, but directly and pecuniarily interested in the result of the cause, would be such a party thereto as to disqualify one of his kinsmen from being a juror, he would also be such a party as to disqualify his kinsman from presiding as judge.  Especially would the judge be disqualified in a proceeding where he presides, not only with the powers of a judge to determine the questions of law arising in the case, but with the powers of a jury to absolutely settle all disputed questions of fact, as is the case in an application for the allowance of temporary alimony and counsel fees, when one or more counsel for the applicant in whose behalf the fees are asked are related to the judge within the degree referred to in the statute declaring when a judge should be disqualified.  It is the pecuniary interest of the attorney in the result of the case which disqualifies the judge.  If the applicant did not ask any allowance of counsel fees, of course the fact that her counsel was related to the judge, no matter how closely, would not have the effect to disqualify the judge from presiding.  The moment the applicant asks for counsel

fees her counsel becomes pecuniarily interested in the result of the suit, and, so far as these fees are concerned, the counsel are as much parties to the case as if they were parties to the record.   In *Spray-berry* v. *Merk*, 30 *Ga.* 81, it appeared that a suit for divorce was brought by Sprayberry, as counsel for Mrs. Merk, against her husband, and that a bill in equity in aid of the divorce proceeding was also filed by him.   The parties settled the controversy before final judgment, and the case was dismissed.   It was held that the attorney had a right to bring a suit in his own name against the husband upon a quantum meruit for fees due the counsel for services in the case where he had represented the wife.   In *Weaver* v. *Weaver*, 33 *Ga.* 172, a suit for divorce was brought, and there had been an order granting the wife temporary alimony and counsel fees. The libel for divorce was dismissed, and it was held that the effect of this dismissal was to rescind the order for alimony, but that the order for counsel fees was not rescinded, but counsel had a right to enforce the order as granted and was not driven to his action at law to recover the fees.   These cases seem to show conclusively that, under the law of this State, fees which have accrued as the result of employment by the wife to bring an action for divorce, or have been allowed pending a suit for divorce or application for permanent alimony, absolutely belong to the counsel who rendered the services to the wife, and such counsel may, if necessary, enforce payment of the same by the husband through appropriate proceedings in their own name.   The rule seems to be different in equity cases where counsel fees are allowed to a party who has brought a fund into court for distribution.   *Morgan* v. *Fidelity Co.*, 101 *Ga.* 389; *Mohr-Weil Lumber Co.* v. *Russell*, 109 *Ga.* 579 (1).

In an application for alimony and counsel fees the counsel for the applicant are thus not only pecuniarily interested in the result of the suit, but if counsel fees are allowed a judgment is obtained which is absolutely under their control, independently of anything which might be done by their client in reference to the main case, and which can be enforced for their benefit, certainly in the name of their client, even if the cases above referred to are not authority for the proposition that it can be enforced in their own names.   In such a case we do not think that a judge who is related within the fourth degree of consanguinity or affinity to any counsel for the applicant should preside.   The reason and spirit of

the code section above referred to, as well as a proper construction of the word "party" therein contained, would disqualify a judge so situated from presiding in the case. In such a case the judge determines not only the question as to whether under the circumstances of the case counsel fees should be allowed, but he also determines the amount; the allowance of fees and the amount thereof being left under our law to his discretion. *Glenn* v. *Hill*, 50 *Ga.* 94; *Campbell* v. *Campbell*, 67 *Ga.* 423; *Rogers* v. *Rogers*, 103 *Ga.* 764 (3). If the ruling *Brantley* v. *Greer*, 71 *Ga.* 11, that a judge who is related within the fourth degree to an auditor is not disqualified from awarding him costs in the case, can not be distinguished from the present case on the ground that the auditor's fees were a part of the necessary costs in the case and the auditor was as much an officer of the court as the clerk or the sheriff, and that the judge did not have to determine the question whether the auditor was entitled to any fees, that being fixed by his appointment as auditor, and only the amount of such fees was to be determined by the judge, what is said in that case will not be treated as binding authority, for the reason that it appears from the opinion of Mr. Justice Hall in terms that no question in reference to the rights of the auditor was before the court, and therefore whatever is said in the headnote and opinion on this subject is purely obiter.

It is said, however, that in the present case the judge should not have held himself disqualified, for the reason that it appeared that there was a contract entered into between the applicant and her original attorneys which fixed the amount which should be paid as counsel fees for services in the superior court, and she was to be bound for this amount in any event, whether counsel fees were allowed or not; and that the applicant was also bound for fees for additional services rendered during the progress of the case. We do not think this would relieve the disqualification of the judge. If counsel were satisfied to rely upon the contract with their client for compensation, they should not have applied for counsel fees to be paid by the respondent. If the applicant intends to pay her counsel from her own resources and the amount allowed by the court will go to her to reimburse her on account of what she has obligated herself to pay, then counsel are still interested in the result of the case, for the reason that a judgment for counsel fees, no matter for what amount, whether larger or smaller than the amount

the applicant has bound herself to pay, is outstanding against the respondent; and as payment of such judgment could be enforced by an attachment for contempt, it is at least an additional security for the payment to counsel of the amount due, them, so long as the amount agreed to be paid by the applicant remains unpaid. In any view of the case, counsel for the applicant are directly and pecuniarily interested in the result of the case, and we think the judge erred in holding that he was qualified to preside therein.

There was no merit in the motion to dismiss the writ of error. This motion was based upon two grounds: first, that briefs had not been filed by counsel for plaintiff in error five days before the case was heard in this court, as required by the order of March 19, 1902; and, second, that the pauper affidavit filed by the plaintiff for the purpose of relieving himself from the payment of costs in the case was false. In reference to the first ground, the order referred to was not applicable to the present case; and if it had been, the failure to comply with the same would not have been ground for dismissing the writ of error. If counsel fail to comply with a rule of this court, the case can not be dismissed, but the penalty for such violation shall be as for a contempt. Civil Code, § 5568. In reference to the second ground, this court can not hear evidence to impeach the truth of an affidavit filed for the purpose of relieving the plaintiff in error from the payment of costs. *Walker* v. *Bryant*, 112 *Ga.* 412.

*Judgment reversed. All the Justices concurring, except Lewis, J. absent.*