## WALDEN *v.* WALDEN.

No. 7662. NOVEMBER 14, 1930.

*McDonald & McDonald,* for plaintiff in error.
*Hal Lawson* and *D. E. Griffin,* contra.

BECK, P. J. Mrs. Nell B. Walden brought suit for divorce and alimony against Talmadge M. Walden, in Ben Hill superior court. Upon the hearing for temporary alimony and attorney's fees, Honorable D. A. R. Crum, judge of the court, denied the prayer for any temporary alimony. To this judgment Mrs. Walden excepted

and brought the case to this court for review; and the judgment of the trial judge was reversed. While the case was awaiting determination in the Supreme Court, Judge Crum died, and Honorable A. J. McDonald was appointed as his successor. But Judge McDonald, having been of counsel in the case, was disqualified to preside at the second trial, and the question of temporary alimony and attorney's fees was heard before Honorable R. Eve, judge of Tifton superior court. This hearing was held on December 28, 1929. On the 6th of January, 1930, the judge passed an order allowing the plaintiff temporary alimony. This judgment is in part as follows: "It is the judgment of the court that Mrs. Nell B. Walden do have and recover of the defendant, T. M. Walden, the sum and amount of $30 per month, to date from the time of the rendition of the original judgment by Honorable D. A. R. Crum, that is, from the first day of October, 1929, and to continue until the rendition of a final judgment in the cause or until the further order of this court. It is further ordered that attorneys for the plaintiff, Messrs. Hal Lawson and D. E. Griffin, do have and recover of the defendant, T. M. Walden, the sum of $75 each, which amounts shall be paid within sixty days from the date of this order; this amount is to be in full settlement of all claims for attorney's fees resulting from the prosecution of the plaintiff's claim for temporary alimony." Four days later the court, without any notice to the respondent, so amended this order as to provide that the plaintiff recover alimony from May 11, 1929, at the rate of $30 per month. The defendant thereupon presented his bill of exceptions and assigned error upon the following grounds: (a) That the order of January 6, 1930, was error, for the reason that the court therein allowed to Messrs. Lawson and Griffin, attorneys for plaintiff, "the sum of $75 each, which said judgment provided that said attorneys should have and recover of the defendant in their own name the sum of $75 each, and does not provide that the plaintiff was to recover said amounts." (b) That the court allowed D. E. Griffin attorney's fees in the cause, when it appears from the uncontradicted testimony of one Prentiss that he employed Griffin in the cause and paid him; and therefore the plaintiff was not entitled to have a judgment providing for the payment to Griffin of any attorney's fees, and neither was Griffin entitled to have a judgment providing for the payment to him of such fees. (c) That the

court had no authority to pass the order of January 10, 1930, wherein the order of January 6, 1930, was amended, ex parte and without notice to defendant.

■ A reading of the judgment rendered by the trial judge shows plainly that it was his intention that the defendant was to pay $30 per month as temporary alimony from the date "of the rendition of the original judgment by the Honorable D. A. R. Crum," which was on May 11, 1929, as appears from the order of the judge trying the case, who had the record before him. By inadvertence the date of the rendition of the former judgment was stated as the first day of October, 1929. This was evidently a clerical error, and the judge properly so changed it as to recite the correct date of the former judgment, and so as to make the alimony which he allowed commence at the proper date.

■ The attorneys' fees allowed in the case constitute a part of the wife's temporary alimony, and were recoverable by her, and the judgment, properly framed, should have read that "the plaintiff do recover for attorneys' fees" the amount allowed. But the real meaning of the judgment as passed by the court was the same as if he had worded the judgment as suggested above; and the judgment will not be reversed merely because in terms the judgment allows the attorneys for the plaintiff to recover the amount fixed as attorney's fees.

■ The fact that one of the attorneys for the plaintiff had been paid a fee by a third person who, in the answer of the respondent, had been charged with improper relations with libellant, did not prevent that attorney from representing the plaintiff in the suit; and as attorney for the plaintiff he was entitled to reasonable fees for his services in the plaintiff's behalf; and there is no complaint that the amount allowed was excessive.

*Judgment affirmed.    All the Justices concur.*