## THOMAS *v.* SMITH.

No. 11898.  NOVEMBER 27, 1937.  REHEARING DENIED DECEMBER 14, 1937.

*William A. Thomas,* for plaintiff.

*James H. Dodgen,* for defendant.

ATKINSON, Presiding Justice.   On September 8, 1936, a wife instituted an action for total divorce, and for temporary and permanent alimony, counsel fees, and certain injunctive relief.   On September 9 the judge issued a rule nisi returnable on September 19, and this with the petition and process were duly served.   At an interlocutory hearing on September 30, before the appearance term, the judge awarded the attorney for the plaintiff a judgment against the defendant for $50 attorney's fees for services rendered in the case.   The defendant refused to pay the attorney's fees, and the attorney instituted contempt proceedings against him on October 12.   The respondent answered, setting up that after the filing of the suit for alimony on September 9 he and his wife became reconciled, and on September 10 they "went back living with each other as man and wife;" and that he never employed the attorney or authorized any one to do so for him.   He prayed that the rule for contempt be dismissed, and the judgment for attorney's fees be vacated.   At the hearing, the uncontradicted evidence showing the case as indicated above, a judgment was rendered vacating the judgment awarding attorney's fees.   The attorney excepted, assigning error on the ground that the judge erred in setting aside the judgment and in failing to adjudge the respondent in contempt.

1.   The provision in the Code, § 30-202, for allowing a wife "such temporary alimony, including expenses of litigation, as the condition of the husband and the facts of the case may justify," comprehends allowance to the wife of attorney's fees for representing her in the case as a part of temporary alimony.   *Stokes* v. *Stokes,* 127 *Ga.* 160 (56 S. E. 303) ; *Knox* v. *Knox,* 139 *Ga.* 480 (77 S. E. 628) ; *Wise* v. *Wise,* 157 *Ga.* 814 (122 S. E. 210).

2.   "A judgment that the attorney for the petitioner in a suit

for alimony should recover a stated sum as attorney's fees will be construed as a judgment that the plaintiff recover as attorney's fees the amount stated." *Walden* v. *Walden,* 171 *Ga.* 444 (155 S. E. 919).

3. "Subsequent voluntary cohabitation will render void a judgment for temporary alimony and attorney's fees for representing the wife in the alimony proceedings." *Mosely* v. *Mosely,* 181 *Ga.* 543 (182 S. E. 849) and cit.; Code, § 30-217.

4. Under the pleadings and the evidence the judge did not err in vacating the judgment awarding attorney's fees, and in refusing to adjudge the husband in contempt for failure to pay such fees. A different ruling is not required by the decisions of this court in *Sprayberry* v. *Merk,* 30 *Ga.* 81 (76 Am. D. 637), and *Little* v. *Little,* 180 *Ga.* 529 (179 S. E. 712), in which latter case there was no resumption of the marital relations.

*Judgment affirmed. All the Justices concur.*