## BLACKBURN *v*. BLACKBURN.

No. 15707. FEBRUARY 4, 1947.

*W. A. Slaton* and *Lawson E. Thompson,* for plaintiff.
*Clement E. Sutton,* for defendant.

ATKINSON, Justice. (After stating the foregoing facts.) ■ One ground of demurrer insists that the contempt proceeding should be dismissed for the reason that the failure to pay attorney's fees, allowed in the final decree, can not be enforced by such proceedings, but only by execution. This ground of demurrer is not meritorious. In *Van Dyke* v. *Van Dyke,* 125 *Ga.* 491 (1) (54 S. E. 537), it was held :, "Irrespective of the question whether, on the final trial of a libel for divorce, counsel fees may properly be included by the jury in the allowance given to the wife as permanent alimony, a decree entered upon a verdict in her favor which embraces ar award of counsel fees is not a mere nullity, and therefore can not, after the time for exception thereto has expired, be set aside or collaterally attacked on the ground that it was erroneous." See also *Wilkins* v. *Wilkins,* 146 *Ga.* 382 (2) (91 S. E. 415). Nor does the fact that the decree in the instant case provided that certain attorney's fees be paid to the attorney of record affect the above ruling, for the reason that such a provision in a decree will be construed as a judgment for the plaintiff for the amount stated. *Walden* v. *Walden,* 171 *Ga.* 444 (2) (155 S. E. 919).

■ It is further insisted that it was error to overrule the demurrer for the reason that the defendant could not be adjudged in

contempt for failure to pay stated sums for support of the children, as the petition shows on its face that such sums were directed to be paid to Mrs. Ed Freeland, the grandmother, and not to the petitioning wife, and that Mrs. Freeland would be the only person who could bring an action for contempt for a failure to pay such sums.

The Code, § 30-207, provides: "If the jury, on the second or final verdict, shall find in favor of the wife, they shall also, in providing permanent alimony for her, specify what amount the minor children shall be entitled to for their permanent support; and in what manner, how often, to whom, and until when it shall be paid; and this they may also do, if, from any legal cause, the wife may not be entitled to permanent alimony, and the said children are not in the same category; and when such support shall be thus granted, the husband shall likewise not be liable to third persons for necessaries furnished the children embraced in said verdict who shall be therein specified." The Code, § 30-208, provides: "Orders, decrees, or verdicts, permanent or temporary, in favor of the children or family of the husband, may be enforced as those in favor of the wife exclusively."

Under the terms of the decree, the wife, Mrs. Blackburn, was awarded the custody of the children, though Mrs. Freeland, the children's grandmother was nominated as the party to whom the husband was to pay the stated sums for the support of the children.

This was not a suit for money, but a petition to have the court adjudge the husband in contempt for a violation of its order for the support of his children as provided for in the Code, §§ 30-207 and 30-208. The custody of the children having been awarded to the mother, the responsibility for their care and welfare was by the court entrusted to her. She had a vital interest in seeing that the sums which the court had decreed should be paid by their father for their support reached them. She was a party to the original divorce and alimony case from which the decree making this provision for support emanated. The children were wards of the court, and this portion of the decree was granted in their behalf and for their welfare. The decree provided that the father pay the sums to the grandmother, and upon his failure so to do, we can see no reason why the mother could not be the movant in a petition for contempt, or why the right to become the movant should be confined to the person to whom the court had directed the support money to be paid.

It is a custom in most, if not all, of the judicial circuits of this State for the courts at times to name some one other than the mother to receive such funds from the father. By so doing contact, with possible friction, between the divorced parties is avoided. On occasions there may be other reasons why this arrangement would be better. County officers, as well as strangers to the interested parties, are often named to act in this capacity. When so named such parties might not be sufficiently interested, or willing to assume any responsibility, to become the movant in contempt proceedings in the event the father refused or failed to carry out the court order, and as a result thereof the provision made by the court for the support of the children would become ineffective. The court did not err in overruling the demurrer on this ground.

■ The exception to the denial to the husband of the right of trial by jury is without merit. In a proceeding before a judge of the superior court to enforce the payment by the father of an allowance made for the support of his children, he is not entitled to demand a jury to pass upon the question of his ability to comply with the terms of the decree. *Lee* v. *Lee,* 97 *Ga.* 736 (1) (25 S. E. 174); *Briesnick* v. *Briesnick,* 100 *Ga.* 57 (3) (28 S. E. 154); *Stokes* v. *Stokes,* 126 *Ga.* 804 (2) (55 S. E. 1023); *Torras* v. *McDonald,* 196 *Ga.* 347 (2) (26 S. E. 2d, 598).

■ The evidence was sufficient to sustain the judgment for contempt. *Judgment affirmed. All the Justices concur.*