COLEMAN *v.* COLEMAN.

No. 16574.   MARCH 16, 1949.

H. *Alonzo Woods*, for plaintiff in error.

ATKINSON, Presiding Justice. (After stating the foregoing facts.) "Temporary alimony is awarded to the wife, among other things, for the purpose of enabling her to contest all of the issues between herself and her husband in a proceeding for divorce and alimony." *Twilley* v. *Twilley*, 195 *Ga.* 297 (24 S. E. 2d, 46). Where a judgment provides that attorney's fees be paid to the attorney of record, such a provision will be construed as a judgment for the wife for the amount stated, and such payment may be enforced by contempt proceedings. *Blackburn* v. *Blackburn*, 201 *Ga.* 793 (1) (41 S. E. 2d, 519). Temporary alimony is in the discretion of the trial judge. *Hightower* v. *Hightower*, 202 *Ga.* 643 (44 S. E. 2d, 116).

The only issue at the hearing of a rule for contempt on account of a failure to pay the temporary alimony awarded is the ability or inability of the husband to make the delinquent payments. *West* v. *West*, 199 *Ga.* 143 (1) (33 S. E. 2d, 292); *Arnold* v. *Arnold*, 195 *Ga.* 304 (1) (24 S. E. 2d, 12). Having awarded the temporary alimony in the instant case, at which hearing the husband sought to establish an inability to pay

any alimony, and on the hearing for contempt the evidence by the husband as to his ability to pay being the same as on the hearing for temporary alimony, there was no abuse of discretion of the trial judge in holding the husband in contempt of court.                    *Judgment affirmed. All the Justices concur.*