34473, 34474. CHADWICK *v.* THE STATE.

Decided March 18, 1953—Rehearing denied April 1, 1953.

*Benjamin Zeesman, H. G. Rawls,* for plaintiff in error.
*Oscar L. Long, Solicitor, Martin, Snow & Grant,* contra.

TOWNSEND, J. ■ The first special ground in case No. 34474 assigns error on the ground that the venue was not proven. The court was authorized to find that Catherine Bush Chadwick delivered the check here in question to her husband in Sumter County for use by him in purchasing produce in Bibb County from Moate Produce Company; that at the time she did so she knew there were insufficient funds in the bank to meet the check in the regular course of business; and that her husband, acting as her agent, delivered the check in Bibb County and thereby obtained certain produce, which was the use contemplated when the check was drawn. All participants in a misdemeanor are principals. *Loeb* v. *State,* 6 *Ga. App.* 23 (1) (64 S. E. 338); *Pirkle* v. *State,* 11 *Ga. App.* 98 (74 S. E. 709). Accordingly, the act of the husband in delivering the check in the manner contemplated by the defendant wife was her act, and the venue of the offense was properly laid in Bibb County, where the fraud was committed.

■ A special ground of the amended motion for new trial in each case complains that Honorable Cecil A. Baldwin, the judge trying the case, was disqualified because of relationship to Baldwin Martin Jr., counsel for the Moate Produce Company, who assisted the solicitor in the trial of the case; that, while such relationship was known, it was not known that "he and his firm had a contingent interest and contingent fee in the collection of the checks involved in said trial in above styled case." It

appears that, as to Case No. 34473, the attorney was proceeding on a fixed fee basis, but this does not appear as to Case No. 34474. It is the *pecuniary* interest of the attorney *in the result of the case* which, under Code § 24-102, disqualifies the trial judge. *Roberts* v. *Roberts*, 115 *Ga.* 259, 263 (41 S. E. 616, 90 Am. St. R. 108); *Melson* v. *Dickson*, 63 *Ga.* 682 (36 Am. R. 128); *Crockett* v. *McLendon*, 73 *Ga.* 85. Under the record in these cases, therefore, the trial judge would not be disqualified in case No. 34473, where the attorney was proceeding on a fixed-fee basis, but would be disqualified in case No. 34474, where the attorney was proceeding on a contingent-fee basis. Accordingly, the court erred in overruling the motion for a new trial in case No. 34474 on this ground of the amended motion for new trial.

■ In the course of the unsworn statement of the defendant W. H. Chadwick, the trial court interjected the following: "I don't want to interrupt, but did I understand you to say that this was at a dinner when you and Mrs. Moate were present? . . I was trying to get clear in my mind as to where this took place"; and at another time, when the defendant was exhibiting certain checks, the court inquired, "That is the check for $688.25?" Counsel for the defendant contends that these three interruptions interfered with the defendant's right to make his statement in his own way, and in effect subjected him to cross-examination contrary to the provisions of Code § 38-415. In *Hackney* v. *State*, 101 *Ga.* 512 (2) (28 S. E. 1007) it was held: "The accused in a criminal case, while delivering his statement, is not under examination as a witness; and it is error in the presiding judge, during or at the conclusion of the statement, to propound a question to the accused, seeking to elicit an answer touching the facts brought out by the evidence in the case. It is the right of the prisoner not to be compelled to answer any question, nor submit to cross-examination; and he will not be held to waive such right by making answer to a question propounded by the presiding judge." While it is recognized that not every interruption by the trial judge of the defendant in making his statement is harmful so as to require a reversal (see *Robinson* v. *State*, 82 *Ga.* 535 (15), 9 S. E. 528), these cases were very close on their facts as to whether the checks introduced in

evidence represented cash or credit transactions, and we cannot say that the questions propounded, although doubtless propounded in a spirit of helpfulness to the defendant, were harmless error. The trial court erred, therefore, in case No. 34473, in overruling the motion for a new trial on this ground.

*Judgment reversed in both cases. Gardner, P. J., and Carlisle, J., concur.*