## 22037. ROEHRMAN v. ROEHRMAN.

SUBMITTED MAY 13, 1963—DECIDED MAY 29, 1963.

Alimony. Chatham Superior Court. Before Judge Heery.

*James E. Lucas, J. Walter Cowart,* for plaintiff in error.

*Julius S. Fine, Edward J. Goodwin,* contra.

GRICE, Justice. Denial of temporary alimony and counsel fees is for review here. Nita Ann Roehrman sought this relief, besides permanent alimony, from Eldon L. Roehrman in her suit filed in the Superior Court of Chatham County.

The testimony was in conflict, even as to when the parties married and separated. In accordance with the rule that we must accept the version most favorable to upholding the judgment below, we conclude that the trial court was authorized to find, at the January 23, 1963, hearing, the following facts: that the parties had been living together meretriciously until their marriage; that they married on August 6, 1962; that they separated on the same day; that the wife received an allotment from the husband's pay as an Air Force sergeant in the amount of $76.90 for each of the months of October, November and December, 1962; that she worked part time as a waitress during November and December, 1962; that she had not worked since but was able to do so.

In considering the grant or denial of the relief which was sought here there were two lights to follow: "In arriving at the proper provision, the judge shall consider the peculiar necessities of the wife, growing out of the pending litigation; also any evidence of a separate estate owned by the wife, and if such estate is ample, as compared with the husband's, temporary alimony may be refused", *Code* § 30-203; and "On application for temporary alimony, the merits of the cause are not in issue, though the judge, in fixing the amount of alimony, may inquire into the cause and circumstances of the separation rendering the alimony necessary, and in his discretion may refuse it altogether." *Code* § 30-205. Furthermore, counsel fees are a part of temporary alimony. *Lewis v. Lewis*, 215 Ga. 7 (108 SE2d 812).

Under repeated decisions, abuse of the trial court's discretion must appear before this court will interfere.

Our evaluation of the showing made by the wife as to her temporary needs following this separation after their extremely short period of living together lawfully as man and wife does not manifest any abuse of discretion by the trial court.

*Judgment affirmed. All the Justices concur.*