23866. WALTON v. WALTON.

SUBMITTED JANUARY 10, 1967—DECIDED FEBRUARY 9, 1967.

*P. C. King, Jr.*, for appellant.

ALMAND, Presiding Justice. Gaynell Robinson Walton filed a suit for divorce against Woodrow Walton on the ground of cruel treatment. In her petition the plaintiff alleged that she and defendant were buying a home and that they had made a down payment on said home of $677 of which she personally paid $577 out of her savings. Further, she prayed that the equity in this home be awarded to her. The defendant filed a demurrer and answer to the plaintiff's petition. The plaintiff filed an amendment to her petition on October 28, 1966, which added prayers for alimony and attorney's fees. Before the hearing on October 31, 1966, the defendant made a motion to continue and a plea of surprise to the amendment of October 28, 1966, alleging said amendment added new matters and did not allow him proper time to prepare a defense to these new matters urged. The trial court denied the motion. The defendant renewed his demurrer alleging special grounds upon which the plaintiff's petition was defective. The trial court overruled this demurrer.

After an interlocutory hearing, the trial court issued its order, which read in part, as follows: "The defendant is ordered to pay to plaintiff the sum of five hundred seventy-seven and 08/100 dollars ($577.08) as her share of the money that she paid into the house." Further, the order provided that the defendant

pay the plaintiff's attorney a designated sum as attorney's fees; but made no specific award of temporary alimony.

The defendant assigns error on the order and rulings.

■ The first enumeration of error is upon the trial court's having allowed the plaintiff's amendment of October 28, 1966, without an affidavit that it was not filed for the purpose of delay. Defendant contends such an affidavit was required by *Code* § 81-1310. This contention is groundless in that *Code* § 81-1310 applies only to an amending defendant and in no way requires an amending plaintiff to attach such an affidavit. The amendment was properly allowed.

■ The second enumeration of error is upon the trial court's having denied defendant's motion to continue and plea of surprise. *Code* § 81-1409 provides when an amendment is made to the pleadings, if the opposite party is surprised by such amendment and makes a showing that he is less prepared for trial than he was before the amendment was made and that he is not claiming surprise for delay, the case may be continued in the discretion of the judge. The discretion of the trial judge in granting or refusing a continuance will not be disturbed unless manifestly abused. *Benjamin v. Wientraub*, 169 Ga. 770, 775 (151 SE 381). We think it was not an abuse of discretion for the trial court to deny the motion to continue and plea of surprise in that the amendment did not make material changes in the pending action and defendant was served with the amendment on October 28, 1966, and the hearing was not held until October 31, 1966. There was no error in denying the motion to continue and plea of surprise.

■ The third enumeration of error is upon the trial court's having overruled the defendant's demurrer. The defendant's demurrer alleged the plaintiff's amended petition was defective on four grounds.

The first ground of defendant's demurrer was that the plaintiff did not show that the trial court had jurisdiction by failing to allege she was a resident of the State of Georgia for six months prior to filing her petition for divorce. However, a survey of the record discloses that in the plaintiff's amendment to her original petition she alleged "that prior to the time her pe-

tition was filed . . . she had resided in this county and state for a period longer than one year." This allegation is adequate to give the trial court jurisdiction as provided in *Code Ann.* § 30-107.

The second ground of defendant's demurrer was that the process served on the defendant is defective in that it omitted his name in one place as follows: "The defendant herein_____ is/are hereby required, personally or by attorney. . ." The defendant's name appeared in another place on the face of the process and afforded him notice of the suit against him. "No technical or formal objections shall invalidate any process; but if the same shall substantially conform to the requisites of this Code, and the defendant has had notice of the pendency of the cause, all other objections shall be disregarded." *Code* § 81-220. Appearance and pleading shall be a waiver of all irregularities of process. *Code* § 81-209. The process served on the defendant did substantially conform to the requisites of the Code, and the defendant did appear and plead. This ground is without merit.

The third ground was that jurisdiction and process are not amendable defects and such defects can not be cured by plaintiff's amendment. This ground is not meritorious. An omission in the pleadings of allegations showing the court's jurisdiction may be amended. *Code* § 81-1309. Furthermore, the process was adequate, as has been shown, and there is no need to cure it by amendment.

The fourth ground of the defendant's demurrer was that plaintiff's amendment which added prayers for alimony and attorney's fees set forth a new cause of action. "While a plaintiff can not amend his petition with an entirely new cause of action, he may . . . add a count substantially different from the original petition, if he adheres to the essentials of his original cause of action." *Cheatham v. Palmer*, 191 Ga. 617 (4) (13 SE2d 674). The plaintiff's prayers for alimony and attorney's fees added by amendment are incidental to the suit for divorce. The amendment merely enlarged or extended the existing cause of action and did not add a new cause of action.

We are of the opinion that the trial court properly overruled the defendant's demurrer.

■ The fourth enumeration of error is upon the trial court's having ordered the defendant to pay the plaintiff $577.08 as her share of the money she paid into the house. Whenever a suit for divorce is pending the wife may make proper application to the court for an order granting her temporary alimony and after hearing both parties and evidence as to all the circumstances of the parties, the court shall grant an order allowing such temporary alimony, including expenses of litigation, as the condition of the husband and the facts of the case may justify. *Code* § 30-202. But there is no provision of law that permits a trial court at a temporary alimony hearing to make a final adjudication of the property rights of those parties before it. The trial court did make such a final adjudication at the interlocutory hearing. In the defendant's answer to the plaintiff's original petition, he denied that he and the plaintiff were buying the home together and alleged that he alone made the down payment of $677 on said home. This denial and allegation by the defendant gave rise to a factual conflict as to the property rights of the parties in this home. The trial court's order to the defendant to pay the plaintiff $577.08 as her share of the money paid into the house would definitely constitute a final adjudication of the parties in this home, and the trial court was without authority to make this final determination at an interlocutory hearing. Direction is given that this part of the order be stricken.

■ The fifth enumeration of error is upon the trial court's having awarded plaintiff attorney's fees since no specific grant of temporary alimony was made. This contention is not meritorious. Attorney's fees are allowed as part of the wife's temporary alimony to enable her to contest all of the issues between herself and her husband in a proceeding for divorce. Where a judgment provides that attorney's fees be paid to the attorney of record, such a provision will be construed as a judgment for the wife for the amount stated. *Coleman v. Coleman,* 205 Ga. 92, 93 (52 SE2d 438) ; *Blackburn v. Blackburn,* 201 Ga. 793 (1) (41 SE2d 519). Thus, in divorce actions the awarding of attorney's fees is a part of the alimony; and attorney's fees may be awarded without a specific award of temporary alimony.

*Judgment affirmed in part and reversed in part with direction. All the Justices concur.*