23773. WHITE v. BOWEN et al.

Argued November 15, 1966—Decided February 9, 1967—
Rehearing denied February 23, 1967.

96

*Houston White,* for appellant.

*Charles H. Edwards, H. A. Stephens, Jr., Claude E. Hambrick,* for appellees.

COOK, Justice. While many legal questions are made by this appeal, the controlling issue is whether an attorney can enforce the provisions of an alimony decree for attorney's fees by attachment for contempt or by writ of fieri facias against the husband of the attorney's deceased client.

*Code* § 30-204 provides: "The order allowing alimony shall be subject to revision by the court at any time, and may be enforced either by writ of fieri facias or by attachment for contempt against the person of the husband. . ." None of the cases cited by the appellant holds that an attorney in his own name can enforce the provisions of an alimony decree.

In *Weaver v. Weaver,* 33 Ga. 172, it was held: "Where alimony has been granted to the wife, and fees ordered to be paid her counsel pending a libel for divorce, and the libel is subsequently dismissed without trial, the order for alimony will be rescinded, but not that for the fees of counsel." No ruling as to the enforcement of this order was involved in the case.

In *Roberts v. Roberts,* 115 Ga. 259 (41 SE 616, 90 ASR 108), it was held that a judge would be disqualified who was related within the prohibited degree to counsel for the wife, where attorney's fees were sought in connection with an alimony case. In that case the question of whether counsel might enforce in his own name a judgment for attorney's fees was discussed but not decided.

In *Bennett v. Bennett,* 157 Ga. 848 (122 SE 616), this court affirmed the judgment entered by the trial judge against the husband for attorney's fees in a divorce and alimony case, where the parties had reached a settlement of the alimony issue without consent of counsel. No question of the enforcement of this judgment was involved.

The appellant cites *Thomas v. Smith,* 185 Ga. 243 (194 SE

502), as the only physical precedent in this state his research has disclosed where an attorney in his own name ruled a husband in contempt for failure to pay an award of attorney's fees in a divorce and alimony case. In the *Thomas* case the parties had reconciled since the award of attorney's fees. This court quoted from *Walden v. Walden*, 171 Ga. 444 (2) (155 SE 919), as follows: "A judgment that the attorney for the petitioner in a suit for alimony should recover a stated sum as attorney's fees will be construed as a judgment that the plaintiff recover as attorney's fees the amount stated." It was then held that the subsequent voluntary cohabitation of the parties rendered void a judgment for temporary alimony and attorney's fees, and that the judge did not err in vacating the judgment awarding attorney's fees, and in refusing to adjudge the husband in contempt for failure to pay such fees.

In numerous cases this court has held that a judgment that the attorney for the plaintiff in an alimony case should recover a stated sum as attorney's fees will be construed as a judgment that the plaintiff recover as attorney's fees the amount stated. *Sellers v. Sellers*, 175 Ga. 47 (3) (164 SE 769); *Blackburn v. Blackburn*, 201 Ga. 793, 794 (41 SE2d 519); *Coleman v. Coleman*, 205 Ga. 92, 93 (52 SE2d 438).

In *Levine v. Seley*, 217 Ga. 384 (2) (123 SE2d 1), this court quoted *Code* § 30-208, which provides that alimony judgments in favor of children "may be enforced as those in favor of the wife exclusively," and then stated: "Accordingly, it is a well-settled rule of law in this State that the right to enforce a judgment for alimony either for the wife alone, or for herself and her minor children . . . when she has custody of them is vested exclusively in the mother. *The same rule applies to the enforcement of an award for attorney fees in an alimony case.*" (Emphasis supplied.)

The italicized statement in *Levine v. Seley*, supra, was not necessary to a decision in that case, but we think it is a correct statement of the law of Georgia. In *Harrison v. Harrison*, 208 Ga. 70 (2) (65 SE2d 173), it was held: "In alimony, or divorce and alimony proceedings, attorney's fees in favor of the wife against the husband are not allowed, as such, but as an intrinsic

part of temporary alimony awarded for the purpose of enabling the wife to contest the issues between herself and her husband." The judgment for attorney's fees is in favor of the wife, or will be construed as being in her favor, and such judgment can not be enforced by her attorney in his own name by writ of fieri facias (*Code* § 39-104) or by attachment for contempt.

Since the appellant was not entitled to the relief sought, it is unnecessary to decide questions made by the enumeration of errors concerning the allowance in evidence of his statement at the divorce and alimony trial that he had been paid his fees in the case by the wife, and that any amount awarded as attorney's fees would be given by him to the wife.

*Judgment affirmed. All the Justices concur, except Duckworth, C. J., and Almand, P. J., who dissent. Nichols, J., concurs specially.*

ALMAND, Presiding Justice, dissenting. I dissent from the ruling that the attorney for the wife, who is awarded permanent alimony with a specific amount as attorney's fees, cannot institute in his own name contempt proceedings against the husband for failing to comply with the decree as to the payment of attorney's fees. In my opinion the ultimate beneficiary of the award of attorney's fees is the attorney who procured the award for the wife, and he therefore has such an interest in the award that he can institute contempt proceedings in his own name against the husband for failure to comply with the award. "Where a party is authorized to initiate contempt proceedings based on violation of an order, he must meet two requirements: (1) he must have a legally recognized interest in the order, for instance, as the party for whose benefit the judgment or order was made, or as a successor in interest to such party, and (2) he must be aggrieved, that is, injured, by the alleged violation." 17 AmJur2d 74, Contempt, § 81. "A creditor prima facie entitled to participate in the fund so withheld is a proper party to move an attachment against the defaulting receiver; and in the absence of any such motion, the judge presiding, on information derived from any source, should cause proper inquiry to be made as to the facts, and, if found to be true, take proper steps to compel the return of the money." *Tindall v. Westcott,*

113 Ga. 1114 (39 SE 450). See Orr v. Orr, 141 Fla. 112 (192 S 466), which held that the attorneys who had represented the wife in her divorce action could maintain contempt proceedings against the husband for his failure to comply with the order requiring him to pay attorneys' fees. See also Annotation, 61 ALR2d 1083, "Who may institute civil contempt proceedings."