24453.  BROWN v. BROWN.

ARGUED JANUARY 9, 1968—DECIDED FEBRUARY 12, 1968.

*Zachary, Hunter, Zachary & Bowden, W. E. Zachary, Sr.,* for appellant.

*Jack P. Turner,* for appellee.

ALMAND, Presiding Justice. Dr. Nelson H. Brown filed an action for divorce against his wife, Sara Elizabeth Powell Brown. Mrs. Brown filed a cross petition for divorce. The jury returned a verdict in favor of the wife, and awarded alimony for her support and for the support of her child whose custody was awarded to the father with specified rights of custody in the mother. Both parties appealed from this judgment in the first appearance of this case before this court (222 Ga. 446 (150 SE2d 615)), where we upheld the custody award but held that the award of alimony was excessive under the evidence and directed that a new trial be held only as to the question of alimony. However, no appeal was taken from that portion of the judgment of December 6, 1965, granting Mrs. Brown a divorce. Following the appeal and order for a new trial on the question of alimony, Mrs. Brown filed an ancillary petition seeking an award of additional attorney's fees for prosecuting the appeal and defending the cross action and for expenses of taking depositions and transcribing the record. To this petition Dr. Brown filed a response. On October 30, 1967, the following order was entered: "The application of defendant, Mrs. Sara Powell Brown, having come on regularly for a hearing and *before the entering of a final judgment and decree of alimony* for the use of defendant, the divorce decree having been previously granted, it is ordered that the

defendant, Mrs. Sara Powell Brown, shall have and recover from plaintiff, Dr. Nelson H. Brown, the sum of $1,500 for the use of her attorney" and $414 due for deposition expenses and transcribing the record." (Emphasis supplied.)  Subsequently, on October 31, 1967, the court, jury trial being waived, entered its final order awarding permanent alimony.  The appeal is from the order awarding Mrs. Brown additional attorney's fees.

The appellant contends that the trial court was without jurisdiction to award additional attorney's fees to the appellee wife after the judgment granting the divorce was entered which severed the marital relation between the parties.  With this contention we cannot agree.

Attorney's fees are an intrinsic part of temporary alimony awarded for the purpose of enabling the wife to contest the issues between herself and her husband.  *Harrison v. Harrison,* 208 Ga. 70 (2) (65 SE2d 173); *Coleman v. Coleman,* 205 Ga. 92 (52 SE2d 438); *Alford v. Alford,* 189 Ga. 630 (7) (7 SE2d 278); *Luke v. Luke,* 154 Ga. 800 (2) (115 SE 666); *Van Dyke v. Van Dyke,* 125 Ga. 491, 493 (54 SE 537).  Attorney's fees and the expenses of litigation are allowed to the wife as a part of temporary alimony.  *Walton v. Walton,* 223 Ga. 85 (5) (153 SE2d 554); *Roehrman v. Roehrman,* 219 Ga. 52 (131 SE2d 558); *Lewis v. Lewis,* 215 Ga. 7 (108 SE2d 812); *Alford v. Alford,* 189 Ga. 630, supra; *Thomas v. Smith,* 185 Ga. 243 (194 SE 502).  "In a suit for divorce and alimony, where temporary alimony is awarded, so long as the litigation is pending the trial judge is authorized to exercise his discretion in continuing his order granting temporary alimony."  *Twilley v. Twilley,* 195 Ga. 297 (24 SE2d 46).  "The grant or refusal of temporary alimony is a question for the court; that of permanent alimony is for the jury to determine.  Where a judge, in the exercise of his discretion, has fixed and allowed temporary alimony pending the cause for divorce and alimony or for permanent alimony, the right to the amount allowed becomes absolute until the final determination of  the cause, unless in the meantime the allowance be revoked or modified by the judge."  *Aud v. Aud,* 199 Ga. 714 (2) (35 SE2d 198).  " 'Temporary alimony pending an action for permanent alimony does not cease with the verdict and judgment

in the superior court, where the case is brought to the Supreme Court, but continues (within the discretion of the court) until the termination of the litigation in all the courts.' *Holleman v. Holleman,* 69 Ga. 676." *Aud v. Aud,* 199 Ga. 714 (4); supra. "Alimony is an allowance out of the husband's estate, made for the support of the wife when living separate from him. It is either temporary or permanent." *Code* § 30-201. See *Jackson v. Jackson,* 203 Ga. 296 (1) (46 SE2d 483). Therefore, temporary alimony, including attorney's fees and expenses of litigation, is a part of alimony which a husband is required to supply for the support of his wife.

When a new trial was ordered on the question of alimony, the trial court was vested with the jurisdiction of all questions concerning alimony. Attorney's fees and expenses of litigation constituting a part of temporary alimony were pending before the trial court until a final judgment of permanent alimony was rendered. In the present case the award of attorney's fees and expenses of litigation was made prior to the final judgment on the question of permanent alimony, and, therefore, the trial court had jurisdiction and authority to award temporary alimony as long as the question of alimony was pending before it.

Further, the appellant argues that this award of attorney's fees is excessive and an abuse of discretion on the part of the trial court. However, a survey of the record does not disclose any evidence to substantiate this argument.

*Judgment affirmed. All the Justices concur.*