## 47755. MARGER v. MILLER.

QUILLIAN, Judge. Joel Miller brought an action in the Civil Court of Fulton County against Edwin Marger. The complaint sought recovery for a judgment entered against the defendant in the amount of $1,150 predicated on a Florida Circuit Court judgment. The Florida judgment recited that on the motion of Joel Miller for a judgment for attorney fees that the court ordered and adjudged that Edwin Marger was indebted to Joel Miller for attorney fees in the sum of $1,150 and that execution should issue for such judgment.

The defendant in his answer denied the material allegations of the plaintiff's complaint. On the trial of the case before a judge sitting without a jury the defendant moved to dismiss the complaint on two bases: (1) that to enforce the Florida judgment would violate the public policy of the State of Georgia; (2) that the judgment was not enforceable under the Florida law.

The trial judge after hearing testimony and argument of counsel, including a brief filed to such point, entered an order finding for the plaintiff. From this judgment appeal was taken.

1. The appellant urges under Georgia law that an attorney cannot recover attorney fees awarded to him in a divorce action in his own name. Among the authorities cited in support of this proposition is *White v. Bowen,* 223 Ga. 94 (153 SE2d 706), where it was held that the allowance of attorney fees in an action for divorce and alimony as part of the expenses of litigation is for the benefit of the wife and an award of attorney fees could not be enforced by the wife's attorney in his own name by attachment for contempt or by writ of fieri facias.

There are numerous cases in Georgia holding that a judgment providing that an attorney recover a stated sum as attorney fees is not void but will be construed as a judgment that the plaintiff recover as attorney fees the amount stated. *Sellers v. Sellers,* 175 Ga. 47 (3) (164 SE 769); *Blackburn v. Blackburn,* 201 Ga. 793, 794 (41 SE2d 519); *Coleman v. Coleman,* 205 Ga. 92, 93 (52 SE2d 438); *Walden v. Walden,* 171 Ga. 444 (2) (155 SE 919). There are 3 older Supreme Court decisions, *Sprayberry v. Merk,* 30 Ga. 81, 82 (76 AD 637); *Weaver v. Weaver,* 33 Ga. 172; *Roberts v. Roberts,* 115 Ga. 259, 264 (41 SE 616 90 ASR 108), recognizing that counsel in his own right is entitled to attorney fees. There seems to be nothing in any of the decisions holding that Georgia public policy forbids a judgment awarding attorney fees to counsel but merely that the proper procedure is for counsel to seek recovery of such fees

in the name of his client, the divorced spouse. There is certainly no such overriding consideration of public policy as to overcome the requirements of full faith and credit which must be given to the Florida judgment. *Peeples v. Peeples,* 103 Ga. App. 462, 468 (119 SE2d 710); *Kelly v. Kelly,* 115 Ga. App. 700, 701 (155 SE2d 732); Milwaukee County v. M. E. White Co., 296 U. S. 268 (56 SC 229, 80 LE 220); Morris v. Jones, 329 U. S. 545 (67 SC 451, 91 LE 488, 168 ALR 656); Magnolia Petroleum Co. v. Hunt, 320 U. S. 430 (64 SC 208, 88 LE 149, 150 ALR 413).

2. (a) The parties in this case never formally introduced into evidence any Florida law. Under the former case decisions this would raise a serious question. Compare *Trustees of Jesse Parker Williams Hosp. v. Nisbet,* 189 Ga. 807, 811 (7 SE2d 737) and *Alropa Corp. v. Pomerance,* 190 Ga. 1 (1c) (8 SE2d 62) with *Seaboard Air-Line R. v. Phillips,* 117 Ga. 98, 100 (43 SE 494). See also *Veach v. Veach,* 205 Ga. 185, 191 (53 SE2d 98). As to the methods of proof, see *Hamilton v. Metropolitan Life Ins. Co.,* 71 Ga. App. 784, 790 (32 SE2d 540); *Sherman Stubbs Realty & Ins. v. American Inst. of Marketing,* 117 Ga. App. 829, 833 (162 SE2d 240). However, the Civil Practice Act now provides: "A party who intends to raise an issue concerning the law of another State or of a foreign country shall give notice in his pleadings or other reasonable written notice. The court, in determining such law, may consider any relevant material or source, including testimony, whether or not submitted by a party or admissible under the rules of evidence. The court's determination shall be treated as a ruling on a question of law." Code Ann. § 81A-143 (c) (Ga. L. 1966, pp. 609, 654; 1968, pp. 1104, 1108). Reading this section in conjunction with Code § 38-112, we consider the applicable Florida law insofar as it is cited to us in the briefs and in the record by counsel. *Smith v. Davis,* 121 Ga. App. 704, 706 (175 SE2d 28); *Atlanta Newspapers v. Shaw,* 123 Ga. App. 848 (1) (182 SE2d 683). See also *Morgan v. Reeves,* 226 Ga. 697 (1) (177 SE2d 68).

(b) The Florida Statute, FSA § 61.16 (Fla. St. 1965, § 65.17) provided: "When any court makes an allowance for attorneys' fees, suit money or costs in any divorce, alimony or support action, the court may direct that such allowances be paid to the attorneys or other persons for whose ultimate benefit the allowances are made." There seems to be some uncertainty as to the treatment of this provision under the Florida law with regard to the right of the attorney, in his own name, to enforce such a

judgment. Compare Novack v. Novack (Fla.), 203 S. 2d 187, 188; Orr v. Orr, 141 Fla. 112 (192 S 466), with Hope v. Lipkin (Fla.), 156 S. 2d 659; Simkins v. Simkins (Fla.), 249 S. 2d 444. Nevertheless, in July 1971 the Florida Statute in question was further amended to provide as to attorney fees: "The court may order that the amount be paid directly to the attorney, who may enforce the order in his name." Thus, at the time this action was brought, the Florida judgment was both valid and enforceable by the attorney in his own name.

In further consideration of this matter, a foreign judgment is conclusive as to all matters which were decided or could have been heard at the time of the judgment in question. *Johnson v. Johnson,* 115 Ga. App. 749 (2) (156 SE2d 186); *Tarver v. Jordan,* 225 Ga. 749, 750 (171 SE2d 514). Hence, the appellant cannot now call in question the judgment rendered against him and under the full faith and credit clause, we must enforce it.

3. The motion to dismiss the appeal is denied.

*Judgment affirmed. Bell, C. J., and Deen, J., concur.*

ARGUED JANUARY 3, 1973 — DECIDED MAY 4, 1973.

*Waldman & Marger, Herbert S. Waldman,* for appellant.
*Savell, Williams, Cox & Angel, Henry Angel, J. Caleb Clarke, III,* for appellee.