## 28383. MARGESON et al. v. GIVENS.

SUBMITTED OCTOBER 26, 1973 — DECIDED JANUARY 7, 1974.

*May & Margeson, Robert M. Margeson,* for appellants.
*Thad Gibson,* for appellee.

MOBLEY, Chief Justice. Robert M. Margeson, III, made an affidavit for the issuance of a writ of fieri facias, stating that he was attorney for Sandra B. Givens in her divorce action against Carroll C. Givens; that the court awarded the sum of $250 as attorney fees for the filing and prosecution of her action; and that this sum has not been paid to him and is past due.

Carroll C. Givens filed an equitable complaint against Margeson and R. A. Forrester, the Sheriff of Lee County, alleging that the fi. fa. of Margeson had been levied on his mobile home, that he was not indebted to Margeson in any amount, and that the fi. fa. was issued illegally and should be canceled. He prayed that the sheriff be enjoined from selling the mobile home, and that Margeson be required to deliver up the fi. fa. for cancellation.

In the answer of Margeson and Forrester it was alleged that "attorney's fees were awarded for plaintiff's attorney for services rendered and was not the property of plaintiff (Mrs. Givens) and especially so since there was a reconciliation of the marriage."

The trial judge's order states that it was entered "after hearing evidence." The sheriff was permanently enjoined from selling the mobile home levied upon by him to satisfy the fi. fa., Margeson was ordered to deliver up the fi. fa. to the Clerk of Lee Superior Court, and the clerk was ordered to cancel the fi. fa. of record. Robert M. Margeson, III, and R. A. Forrester appeal from this judgment.

No transcript of the evidence appears in the record, but both parties in their briefs argue the legal question of whether the attorney, in his own name, can have a fi. fa. issued to enforce the award of temporary alimony made to Mrs. Givens of $250 for attorney fees.

In *White v. Bowen,* 223 Ga. 94 (153 SE2d 706) (with two Justices dissenting), this court held: "The allowance of attorney's fees in an action for divorce and alimony as a part of the expenses of litigation (Code § 30-202) is for the benefit of the wife to enable her to contest the issues between herself and her husband, and the

provision of the alimony judgment awarding such attorney's fees can not be enforced by the attorney in his own name by attachment for contempt or by writ of fieri facias." That case cited a number of cases in which this court had held that even though the judgment of the court specifically awarded attorney fees to the wife's attorney, the court would construe the judgment to be one in favor of the wife. In this connection see: *Walden v. Walden,* 171 Ga. 444 (2) (155 SE 919); *Sellers v. Sellers,* 175 Ga. 47 (3) (164 SE 769); *Thomas v. Smith,* 185 Ga. 243 (2) (194 SE 502); *Blackburn v. Blackburn,* 201 Ga. 793, 794 (41 SE2d 519); *Coleman v. Coleman,* 205 Ga. 92, 93 (52 SE2d 438).

The case of *White v. Bowen,* 223 Ga. 94, supra, was decided February 9, 1967, and rehearing was denied February 23, 1967. On April 14, 1967, the General Assembly approved an Act (Code Ann. § 30-202.1) which provides as follows: "The grant of attorneys' fees as a part of the expenses of litigation made at any time during the pendency of the litigation, whether the action be for alimony, divorce and alimony, or contempt of court arising out of either an alimony case or a divorce and alimony case, shall be a final judgment as to the amount granted, whether the grant be in full or on account, and may be enforced by attachment for contempt of court or by writ of fieri facias, whether the parties subsequently reconcile or not; provided that nothing contained herein shall be construed to mean that attorneys' fees shall not be awarded at both the temporary hearing and the final hearing."

It is argued by the appellants that this statute should be construed as meaning that an award of attorney fees may be enforced by fieri facias *by the attorney in his own name.*

In legal contemplation the General Assembly is presumed to know what this court has held the law to be on a particular subject. As a practical matter, it is doubtful that the decision of this court in *White v. Bowen,* 223 Ga. 94, supra, published such a short time before the passage of the Act, was actually known to the General Assembly. Surely, if the General Assembly had intended by this Act to change the law just announced by this court, that an attorney could not enforce an award of attorney fees in an alimony judgment by fieri facias or contempt in his own name, it would have specifically stated that the attorney could enforce the award in his own name.

Decisions of this court through many years had held that the reconciliation and voluntary cohabitation of the parties rendered void any provision made for alimony, including attorney fees.

*Weeks v. Weeks,* 160 Ga. 369 (1) (127 SE 772); *Mosely v. Mosely,* 181 Ga. 543 (1) (182 SE 849); *Hamby v. Pye,* 195 Ga. 366 (2) (24 SE2d 201). The rule was held to be different where the parties entered into an alimony settlement, but did not reconcile. *Bennett v. Bennett,* 157 Ga. 848 (122 SE 616); *Little v. Little,* 180 Ga. 529 (1) (179 SE 712).

It would appear that the purpose of Code Ann. § 30-202.1 in providing that the award of attorney fees shall be a final judgment, "whether the parties subsequently reconcile or not," was to change the rule that the award of attorney fees is voided by the reconciliation of the parties, and make the rule the same whether the action was terminated by a reconciliation of the parties or by settlement of the alimony question.

The appellants point out the fact that a wife who has become reconciled with her husband would be unwilling to have a fi. fa. issued against him to enforce the award of attorney fees made to her. This is a matter that addresses itself to the General Assembly. The General Assembly might specifically provide for enforcement in the name of the attorney, as has the State of Florida. See *Marger v. Miller,* 129 Ga. App. 44 (2b) (198 SE2d 709).

Code Ann. § 30-202.1 does not authorize an attorney in his own name to enforce an award of attorney fees made to his client, and the trial judge did not err in the judgment rendered.

*Judgment affirmed. All the Justices concur.*