CHARLES W. GAUSE, plaintiff in error, *vs.* SAMUEL WALK-ER, executor, defendant in error.

1. Though a judgment *de bonis testatoris* be conclusive of assets against an executor in a court of law, yet, on a proper case made, based on equitable principles, a court of equity will grant relief against a suit to make such executor individually and personally liable thereon.

2. Where the bill in equity alleges that the assets were ample at the time the judgment *de bonis* was rendered, and therefore the executor did not plead *plene administravit præter*, but that the assets, and only assets, which ever came to his hands were a life policy and certain lands in Texas, and that the life policy was compromised, and an open account paid out of the fund realized, by the consent and with the acquiescence of the creditor, and that the lands in Texas were, also, by his consent, administered in that state, and a sum much less than their estimated value realized therefrom, and the answer denies the allegation of acquiescence and consent, and such allegation is supported by the affidavit of a disinterested person, and the court grants an injunction restraining a suit at common law against the executor individually, this court will not control the discretion of the court below in granting the injunction.

Equity. Injunction. Administrators and executors. Pleadings. Before Judge BARTLETT. Baldwin county. At Chambers. October 8th, 1875.

Reported in the opinion.

WILLIAM McKINLEY, for plaintiff in error.

CRAWFORD & WILLIAMSON, for defendant.

JACKSON, Judge.

Gause obtained a judgment *de bonis testatoris* against Walker as executor, Walker having filed no plea of *plene administravit præter*, or otherwise. Suit at common law was brought on this judgment to charge the executor individually, and pending that suit he, the executor, filed a bill of injunction praying to enjoin the common law suit on the ground that the judgment against him, at law, was conclusive, without a resort to equity ; but that it would be inequitable to hold him individually bound, because at the time of such suit

he held a life policy of $6,000 00 and twelve hundred acres of land in Texas, worth $1,800 00 more, at that time, by estimate, and which would have been more than enough to pay the entire debts of the testator; that these are all the assets which ever came to his hands, and that without fault on his part he has realized only about $3,800 00 on these assets; that the plaintiff, Gause, acquiesced in a settlement of the life policy, which resulted in the realization of only $3,300 00 from that source, and that by the instructions of Gause and the other creditors he was empowered to have the Texas lands administered there, and which was done, and these lands only realized $500 00; that thus the estate, without fault on his part, is unable to pay debts in full, but that he has paid Gause his full share. The answer denied the main charges in the bill, but the affidavits supported them. The court below granted the injunction, and the case is before us for review. The legal question is, will a court of equity grant relief after judgment against an executor *de bonis testatoris*, on a good case made? The judgment at law is conclusive of assets, and will a court of equity open it; first, in any case, and secondly, in the case made by the facts before recited.

1. The first point was decided by this court in the case of *Furlow vs. Tillman*, 21 *Georgia Reports*, 150. There the court says: "This court has no doubt that such a bill as the present, (the bill then before them,) may be filed after a judgment *de bonis testatoris*, against the administrator or executor. In England it would be a more serious question whether it could be filed before such a judgment;" thereby holding that in England it could be done after the judgment, and that in this state there could not be a doubt about it. It is true, that was a bill to marshal assets, but the principle is the same here as in that case.

2. The question then recurs, do the facts here make such a bill? We think, if true as alleged, that they do. The answer denies them, but the affidavit supports the main fact of acquiescence by Gause in the action of the executor, and we think the whole case should be tried by the court on the

merits, and the facts found by a jury. At all events, we will not control the discretion of the court below in granting the injunction.

Judgment affirmed.