## VARNER *vs.* GUNN *et al.*

A purchaser, *bona fide* and for a valuable consideration, of trust property from trustees, under order from the proper court for the sale, with written evidence of title and seven years' possession, acquires good prescriptive title. Where title is in trustees, prescription which operates against them operates against the *cestui que trusts*.

Trusts. Prescription. Title. Before Judge CRISP. Houston Superior Court. November Term, 1878.

To the report contained in the decision it is only necessary to add the following:

Mrs. Varner, for herself and as next friend of her minor children, brought a bill against Gunn *et al.* It alleged that her father had willed certain real property to her brother, Patrick Gray, as trustee, for the use of herself and sister during their lives, remainder to their children; and, in case of the death of any of testator's children without children

or reprentatives of children, the property devised to such child should revert to the estate and be divided among all the children of testator; that her husband and that of her sister had been appointed trustees in place of Gray; that her sister and brother-in-law were both dead; that complainant's husband fraudulently obtained her consent to an order for the sale by the trustees of the trust property; that they sold it, and defendants claim under that sale; that defendants had notice of the nature of complainant's title and her unwillingness to sell; and that Varner had deserted his family and his trust. The object of the bill was to recover the interest of complainant in the property, on the ground that if any purchase money was paid, it was not applied to the use of the *cestui que trusts*, besides other grounds not necessary to be set forth.

Defendants relied, among other things, on their prescriptive title under the sale of the trustees.

For the other facts of this case see the decision.

C. C. DUNCAN; W. S. WALLACE; S. HALL, for plaintiff in error, cited as follows: Appointment of trustees void for want of bond, Code, §2320. Purchaser from trustee with notice, is trustee, Code, §2329; 7 *Ga.*, 530; 19 *Ib.*, 66; 41 *Ib.*, 202; 42 *Ib.*, 95; 48 *Ib.*, 471. Order of sale irregular, for want of notice, Code, §2320.

B. M. DAVIS; ELI WARREN, for defendants, cited as follows: Title was in trustee, Code, §2313; 57 *Ga.*, 211. Power of judge, Code, §2320; acts 1853–4, pp. 59, 60; acts 1855–6, p. 146; Code §§2327, 2328; 53 *Ga.*, 209; Code, §4221–4. Mrs. Varner bound, children have no right until her death (if then), Code, §§2337, 3093, 2260; 48 *Ga.*, 339. But title was in trustees, 2 P. Williams, 146; 3 Atkyns, 728; 55 *Ga.*, 25. Trustee's deed color of title, 51 *Ga.*, 139; 55 *Ib.*, 25. *Bona fide* purchasers, Code, §3092; 3 *Ga.*, 446; 34 *Ib.*, 454.

WARNER, Chief Justice.

This was a bill filed by the complainant against the defendants to recover the possession of certain described lands on the allegations contained therein. On the trial of the case, the jury, under the charge of the court, found a verdict in favor of the defendants. A motion was made for a new trial, on the grounds contained therein, which was overruled, and the complainant excepted. The controlling question in this case is whether the complainant's right to recover the land sued for was barred by the statute of limitations, it being in the nature of an equitable action of ejectment.

It appears, from the evidence in the record, that in the year 1853, Benjamin H. Gray, by his last will and testament, devised the land in dispute to his son, Patrick Gray, in trust for the sole and separate use of his two daughters, Ann and Jane Gray, and for during their natural lives, and after their death to their children, but if they should die leaving no children, or representatives of children, then the property so devised to revert to his estate, and be equally divided between his other children in the same manner as before directed. Ann Gray married Varner in 1855, in the seventeenth year of her age, and has now five living children. Jane married Walker, and died in 1867, leaving no children, her husband having died in 1864. In the year 1856, after the marriage of his two sisters, Ann and Jane, Patrick Gray, their trustee, petitioned the superior court of Houston county to be removed from his said trusteeship, and that Walker and Varner be appointed trustees for their respective wives in his place. The court granted the petition, and passed an order removing Patrick Gray as trustee, and appointed Varner and Walker trustees, as requested, in his place and stead. Afterwards, in May, 1857, Varner and Walker petitioned the judge of the superior court of the Macon circuit, exercising jurisdiction in chancery, for leave to sell the land in dispute, the said Ann and Jane joining

in said petition.   The chancellor, at chambers, after considering the application, granted leave to sell the land at public or private sale, and empowered the trustees to convey the same by deed, and to receive what the land might sell for, and invest the same in other property upon like limitations, conditions and trusts, as the said land is now held by them.   On the 5th day of January, 1859, Varner, as trustee, in pursuance of the aforesaid order, conveyed the premises in dispute by deed to the defendant, D. F. Gunn, under whom the other two defendants claim title, for the consideration of $4,885.00, and a similar deed was made by Walker, trustee, to Gunn, under which the defendants also claim title.

It appears from the evidence in the record, that D. F. Gunn was the guardian of Ulysses Gunn and Victoria Gunn, and that by an order of the court of ordinary he had turned the land over to them in settlement as such guardian, in 1865.   The land has been in the possession of D. F. Gunn from the time of his purchase of it from Varner and Walker up to November, 1865, when he turned it over to his wards in settlement, and it has been in their possession, or at least one of them, ever since.

The charge of the court complained of in relation to the bar of the statute is as follows: " The defendants say more, if that proposition is not true, if they did not get a good title at such sale, if the sale was made, yet they say that the trustees obtained an order from the proper court to sell this property, and that they *bona fide* and for a valuable consideration, bought it from said trustees in pursuance of that order, that they took a deed from these trustees and went into possession under that deed, and that they, and those claiming under them, have remained in the possession of this property more than seven years under color of title before the institution of this suit, and if this be so, then they have what the law calls a good prescriptive title."   This charge of the court was not erroneous, especially when taken in connection with the other portions of the charge contained in the record.   This case comes within the rulings of

this court in *Wingfield et al. vs. Virgin et al.*, 51 *Ga.*, 139 ; *Brady et al. vs. Walters,* 55 *Ga.*, 25.

Let the judgment of the court below be affirmed.