## MERRITT *vs.* MERRITT *et al.*

1. A wife and children who were beneficiaries of a homestead set apart from the estate of the husband and father were not concluded by a judgment subsequently rendered by the ordinary against him on a settlement of an estate of which he was executor. In a claim case arising upon a levy under such judgment, the beneficiaries of the homestead could attack it,—certainly so as to defects on the face of it rendering it invalid in whole or in part.

(*a*). Where the legal·title to property is vested in a trustee for a minor, the statute of limitations running against the trustee also bars the minor.

(*b*). In a citation by legatees to compel an executor to settle the estate of his testator, a judgment *de bonis propriis* should not be rendered in the absence of any plea of *ne unques executor*, a release to himself, *plene administravit*, or *plene administravit præter*.

Judgments. Homestead. Statute of Limitations. Minors. Administrators and executors. Before Judge LAWSON. Greene Superior Court. September Term, 1880.

An execution in favor of Susan E. Merritt *et al.*, against James Merritt, executor of Thomas Merritt, was levied upon four hundred acres of land, as the property of James Merritt. Sarah Merritt, both for herself and as next friend of her minor children, interposed a claim to said four hundred acres of land. The *fi. fa.* was as follows:

"GEORGIA—Greene County.

"To all and singular the sheriffs of said state, greeting: James Merritt, of said county and state, being the executor of Thomas Merritt, late of Greene county, deceased, said administration being in Greene county, was required by the ordinary of said county, at the citation of

Susan E. Merritt *et al.* (said Susan E. Merritt *et al.* being the heirs at law of said Thomas Merritt) to appear and submit to a settlement of his accounts, and such citation was duly served and made returnable to the December term, 1878, of this court, according to the statute in such case made and provided, and regularly continued to an adjourned court, held on Monday, December 9th, 1878. The said ordinary of said county, at the said adjourned court, held on the 9th day of December, 1878, examined all the returns and accounts of said executor as to the said Susan E. Merritt *et al.*, and made a full, fair and final settlement for said Susan E. Merritt *et al.*, finding in said settlement that one thousand and fifty-five and $\frac{98}{100}$ dollars ($1,055.98) was the amount due by said James Merritt, executor as aforesaid, to the said Susan E. Merritt *et al.*, and the court thereupon ordered and adjudged that said James Merritt pay the said Susan E. Merritt *et al.* said sum. We therefore command you that of the goods and chattels, lands and tenements of the estate of said Thomas Merritt, in the hands of said executor to be administered, if to be found, and if not to be found, then of the goods and chattels, lands and tenements of said defendant, held in his own right, you cause to be made the sum of one thousand and fifty-five $\frac{98}{100}$ dollars, principal debt, which the said Susan E. Merritt *et al.* recovered as above stated. and interest thereon from the 9th day of December, 1878, and that you have the said several sums of money before the said court of ordinary on the first Monday in October next, to render to the said Susan E. Merritt *et al.* And have you then and there this writ. Witness, Joel F. Thornton, ordinary of said county, this July 28th, 1879.

JOEL F. THORNTON, *Ordinary*."

By amendment, the following equitable claim was made :

"And now comes the claimant, Sarah Merritt, both for herself and as next friend of her minor children, to-wit: Annie M. Merritt, Elizabeth Merritt, James T. Merritt, Gordon L. Merritt, Odie B. Merritt, and Esse P. Merritt, and amends the claim interposed by her in said case to said four hundred acres of land, and says that said four hundred acres of land was, on the 19th day of December, in the year eighteen hundred and sixty-.ight, set apart as a homestead for the use of this claimant and her said minor children, in conformity with the law then of force in such case made and provided. And the claimant says that the *fi. fa.* or execution levied upon said land was

issued upon a judgment rendered by the ordinary of said county on the ninth day of December, in the year eighteen hundred and seventy-eight, in favor of the said plaintiffs against the said James Merritt, as executor of Thomas Merritt, and claimant says that she was not a party to said judgment, neither were her minor children parties to said judgment; and neither did she or her said minor children have any notice whatever of the rendition of said judgment until *fi. fa.* or execution had been issued upon the same and levied upon said land. And claimant further says that on the fifth day of May, in the year eighteen hundred and fifty-four, the said Thomas Merritt made and executed his last will and testament, appointing therein as his executors two of his sons, viz: Benjamin Merritt and the said James Merritt, and which said will was admitted to probate in the court of ordinary of Greene county, Georgia, on the sixth day of February, in the year eighteen hundred and sixty, and the same year, to-wit, on the twenty-seventh day of December, in the year eighteen hundred and sixty, the legatees of the said Thomas Merritt under said will entered into a written agreement setting aside said will, and requesting the said James Merritt to distribute equally among the heirs at law of said Thomas Merritt the property in his hands, as executor in the state of Georgia, according to the statute of distribution of force in said state, without any regard to said last will and testament; and it was also stipulated in said agreement that the said Benjamin Merritt, who had qualified as one of the executors of said will, should continue his executorship in the state of Alabama, so far as might be necessary to close up said estate there, a large portion of the property of the estate of said Thomas Merritt being in the state of Alabama.

"And claimant further says, that by the sixth item of the said will one hundred acres of land and five hundred dollars in cash were given for the benefit of the children of John Merritt, to be in the hands of said Benjamin Merritt

as trustee, the said John Merritt being a son of the testa-
tor, Thomas Merritt.

" And claimant further says, that the one hundred acres
of land specified in the sixth item of said will was sold,
conveyed and disposed of by the said Thomas Merritt
some years previous to his death, and constituted no part
of his estate at the time of his death, so that the five
hundred dollars was all the property that was left in trust
for the children of the said John Merritt.

"And claimant further says, that while the said John
Merritt, a son of the testator, Thomas Merritt, was ex-
cluded from all benefit and participation in the estate of
his father under said will, yet, under the said agreement
entered into by the legatees under said will, the said John
Merritt and his children received, with his brothers and
sisters, an equal share or portion of the property of his
father, amounting, as claimant is informed and believes,
to about eight thousand dollars, or other large sum ; and
of the property received by the said John Merritt and his
children under said agreement there was included two
hundred acres of land in said county of Greene, and upon
said land the said John Merritt and his children have lived
ever since they received the same under said agreement,
and his said children have been maintained and provided
for out of said property, and the proceeds arising from the
possession, use and enjoyment of said two hundred acres
of land, and have received, up to the present time, a great
deal more property from the estate of the said Thomas
Merritt than the five hundred dollars given for their benefit
in the sixth item of said will, and all of the children of
the said John Merritt, with the exception of one or two,
being now over the age of twenty-one years, and the one
or two exceptions being very near the age of twenty-one
years.

" And claimant further says, that in justice and equity
there is nothing more due the children of the said John
Merritt, the plaintiffs in said *fi. fa.*, from the estate of the

said Thomas Merritt, they having already received as much if not more than any child or legatee, from the estate of the said Thomas Merritt, and certainly a great deal more than the legacy given for their benefit in the said will.

"And claimant further says, that if the children of the said John Merritt, the plaintiffs in said *fi. fa.*, are still entitled to the five hundred dollars in cash, with interest on the same, in addition to what they have already received from the estate of the said Thomas Merritt, they should look to the said Benjamin Merritt, one of the executors of said will, and their trustee, who received into his possession, either as executor or as their trustee, a large amount of the property belonging to the estate of the said Thomas Merritt, in addition to his distributive share as heir at law of the said Thomas Merritt, or as legatee under said will, certainly a great deal more besides his distributive share than the legacy given him in trust for the benefit of said children.

"And claimant further says, that the said *fi. fa.* in favor of the said plaintiffs was issued upon a judgment rendered by the ordinary of said county of Greene, to compel the said James Merritt to pay to the said plaintiffs in *fi. fa.* the said five hundred dollars with interest on the same, notwithstanding the said plaintiffs in *fi. fa.* have, under the said agreement of said legatees, had the use, benefit and enjoyment of a much greater amount of property from the estate of the said Thomas Merritt than was given for their benefit in said will, and, notwithstanding said will was by the said agreement of said legatees set aside for the benefit of said plaintiffs in *fi. fa.*, and that, notwithstanding also, the said James Merritt has acted in perfect good faith under said agreement from the first to the last.

"And claimant further says, that the four hundred acres of land, now levied upon by virtue of the *fi. fa.* in favor of the said plaintiffs, and claimed by her for herself and her minor children, never did constitute any portion of the

estate of the said Thomas Merritt, but that the same was set apart as a homestead for this claimant and her said minor children, to-wit : Annie M. Merritt, now aged sixteen years ; Elizabeth Merritt, now aged thirteen years ; James T. Merritt, now aged ten years ; Gordon L. Merritt, aged eight years ; Odie B. Merritt, aged five years, and Essie P. Merritt, aged two years, out of the property of James Merritt, the husband of claimant and the father of her said minor children, and that the same has vested in this claimant and her said minor children for their use and benefit, according to the constitution and laws of said state.  And claimant further says that said four hundred acres of land were set apart as a homestead for her and her said minor children ten years before any complaint was made, or any claim preferred, or any judgment rendered, against the said James Merritt in favor of the said plaintiffs in *fi. fa.;* and claimant further says that the said agreement of said legatees has been acquiesced in by the said plaintiffs in *fi. fa.*, as well as their trustee, the said Benjamin Merritt, for a period of more than eighteen years.  And claimant further says that if the said James Merritt incurred any legal liability to the plaintiffs in *fi. fa.* in consequence of having observed and carried out, in good faith, the said agreement of said legatees, it was the duty of the said plaintiffs in *fi. fa.*, or their trustee, the said Benjamin Merritt, to have instituted suit or have commenced legal proceedings within the time prescribed by law against the said James Merritt, and not to have silently acquiesced in said agreement for the period of eighteen years, and have availed themselves, during all of said time, of all the benefits and advantages resulting to them from said agreement, which was of much greater benefit and value to them than the legacy given for their benefit in said will. And claimant further says that if the said plaintiffs in *fi. fa.* have any claim or demand against the said James Merritt on account of his connection with the estate of the said Thomas Merritt, or in consequence

of his having carried out, in good faith, the said agreement of said legatees, that the said claim or demand now is and was, before the commencement of any legal. proceedings by the said plaintiffs in *fi. fa.* against the said James Merritt, barred by the statute of limitations in such case made and provided.

"And claimant further says, that the said James Merritt is insolvent, and that inasmuch as the said James Merritt is utterly unable to respond to claimant and her said minor children for any damage which they may sustain in consequence of the rendition of the said judgment, upon which the *fi. fa.* of the said plaintiffs issued, and that, inasmuch as the claimant and her minor children were neither parties to, nor had any notice whatever of, the rendition of said judgment, that said judgment is null and void as to claimant and her said minor children, and has no lien whatever upon said four hundred acres of land, which has been set apart as a homestead as aforesaid, and which has vested in claimant and her said minor children for their use and benefit. And for the reasons herein stated, as well as for divers other good and valid reasons, claimant says that said land is not subject, and cannot, either in law or equity, be made subject to the *fi. fa.* of the said plaintiffs, and of all of which this claimant, both for herself and as next friend of her said minor children, puts herself upon the country. And claimant further says that said *fi. fa.* and the judgment and proceedings upon which the same was issued, are illegal upon their face."

The agreement of the legatees of Thomas Merritt, Sr., deceased, was as follows:

"GEORGIA—Greene County.

"This agreement, made and entered into this, the 27th day of December, in the year of our Lord, 1860, amongst the undersigned legatees under the last will and testament of Thomas Merritt, late of said county, deceased, bearing date the 4th day of May, 1854, witnesseth that the said legatees do hereby consent and agree that James Merritt, the qualified executor of said last will and testament, in the state of

Georgia, shall proceed at once to administer the estate of said·Thomas Merritt, Sr., from this time forth according to the statute of distributions of force in said state of Georgia, and that all the property of said deceased be distributed equally among the heirs at law of said Thomas Merritt, in pursuance of said statute of distributions, without any regard to said last will and testament. And it is further agreed that the said last will and testament be set aside so far as the division of said property and the administration of said estate is concerned, only continuing the powers and authority of said executor, so far as may be necessary to carry out this agreement and to wind up said estate. And we hereby bind ourselves, our heirs, executors and administrators, severally to each other and to the said executors as aforesaid, in the penal sum of fifteen thousand dollars, to stand to and abide by this agreement, and for a breach of the same, by any or either of us, either one of the others may sue for and recover the above penal sum of the one committing said breach, in any court having jurisdiction of the same. . . . . . . . . . . . It is further understood and agreed that Benjamin Merritt continue his executorship in the state of Alabama, so far as may be necessary to close up said estate there."

On motion the court struck this equitable claim, and a verdict was rendered finding the property subject. Claimant moved for a new trial, which was refused, and she excepted.

C. HEARD ; P. B. ROBINSON, for plaintiff in error.

H. T. & H. G. LEWIS ; E. C. KINNEBREW, for defendants.

JACKSON, Chief Justice.

The legal question made in this record is whether or not the wife and children, as beneficiaries of a homestead set apart to them out of the estate of the husband and father, are concluded by the judgment of the ordinary on a settlement before him between said father and husband and legatees under a will of which said father and husband is the executor. If not concluded, the equitable plea is not only good but even without it the verdict, if that plea states the facts, would be against law and evidence on proof of the facts.

v 66–21

The claim of the legatees is under the will, and the legacy is put in a trustee for their benefit.   He could have sued for the legacy years ago ; the legal title is in him, he is barred, and if he is, the infant legatees are also barred. 10 *Ga.*, 358 ; 51 *Ib.*, 159 ; 56 *Ib.*, 168.   The clause of the will is : " I give for the benefit of the children of my son, John Merritt, the following property, to be in the hands of Benjamin Merritt, as trustee, to-wit :   one hundred acres of land, whereon he now lives, aud five hundred dollars in cash."   This put the legal title in Benjamin Merritt.   The will was published and executors appointed long before 1865, and the claim is barred by the act of 1869, as well as by the general statute of limitations.

Certainly the wife and children may attack the judgment, if on its face invalid, so far as it is a judgment not only *de bonis testatoris* but a personal judgment against the administrator.   It nowhere appears in the record that the plea of *ne unques executor*, or a release to the executor, or *plene administravit*, or *plene administravit præter* was filed ; and such must be the case to authorize a judgment *de bonis propriis* against the administrator or executor.   Code, §3573.   It does not appear on the execution issued by the ordinary or any judgment rendered by him that any such plea was before him, or any such question made.   If not, this judgment and execution could not sell this homestead land, because it never was part of the estate of the testator.   The judgment and execution being thus apparently invalid so far as to interfere with this homestead estate, it is protected until at least the judgment be legally made a judgment against the executor individually by suit thereon ; in which event, or on the pending of such suit, the equities between all the parties would be open for settlement on a bill filed for that purpose.   55 *Ga.*, 129.

But outside of this view in the settlement before the ordinary, the wife and children could not have become parties, and these homestead rights being anomalous and peculiar, it was held by this court in 59 *Ga.*, 817 that they

were not bound for that reason by a judgment of foreclosure of a mortgage, and were let in to defenses on an illegality—held then to be equivalent to a claim—by the father and husband for them.

The principle then ruled it seems covers this case, and the claimant here may set up the statute of limitations, or any other defense good against the suit of these legatees.   54 *Ga.*, 462.

This will was made in 1854; the property divided in 1861 ; the homestead set apart to this wife and children long before the institution of this proceeding before the ordinary, as much as ten years prior to any hint of such a proceedng; when divided in 1861, the father of these children received largely more than the little legacy left to an uncle for them.   The will by agreement of all old enough, was set aside to let their father in to an equal share of the estate which gave him some eight thousand dollars, when he would have gotten nothing under the will, and while this is not binding on the infants, perhaps, though their uncle and trustee signed the agreement to divide, and warranted the division to stand, yet the case presents facts which make it the duty of the courts, we think, to interpose every legal obstacle to their recovery from this homestead property.   They may look to their trustee and recover from him so far as this record contains information to the contrary.   At all events they cannot subject this homestead on this judgment and execution, so defective, until by the trial of the case in equity, either on this equitable plea or regular bill in chancery, the wife and children of the executor have a hearing thereon.

.   Judgment reversed.