McCRARY *v.* CLEMENTS *et al.*

1. Where a father causes a deed to land, for which he has himself paid the purchase money, to be made to himself as guardian of his minor son, for whom he is neither a testamentary nor (because of his not having given bond as such) a statutory guardian, the legal effect of such conveyance is the creation of a trust in the land in favor of the minor son, and the position of the father with reference to this estate is really that of a trustee and not technically that of guardian.

2. If in case of such a trust the father, during the minority of the son, conveys such land as his own property to another, who takes without actual notice of the trust, and the trust estate be, until the son attains his majority, represented by the father, then, inasmuch as the trust itself becomes executed by the majority of the son, the interest of the son is thus at all times represented by a person competent to sue, and prescription runs in favor of the purchaser continuously from the beginning of possession under the conveyance from the father; and if the purchaser, in good faith, goes into possession thereunder and continues for a term of seven years before the institution of a suit by the son for the recovery of the property thus conveyed, he acquires as against the son a good title by prescription.

April 29, 1895. Brought forward from the last term. Code, §4271(a-c).

Ejectment. Before Judge BUTT. Marion superior court. April term, 1894.

LUMPKIN & DUNHAM and WIMBISH, WORRILL & Mc-MICHEAL, for plaintiff. MILLER & MILLER, W. D. CRAWFORD and BRANNON, HATCHER & MARTIN, for defendants.

ATKINSON, Justice.

1. While the present plaintiff was yet a minor, his father purchased the premises in dispute, and caused them to be conveyed to himself as guardian of the plaintiff. As a matter of fact, he was neither a testamentary guardian of the plaintiff, nor the guardian of his property under the statute. While he was the natural guardian of

the person of the plaintiff, he had never given bond so as to constitute himself a guardian of the property of the plaintiff. Not being a guardian of the plaintiff at all, the plaintiff himself being then an infant, in order to make the instrument operative, it is necessary to treat the conveyance as creating a trust, by means of which the legal title was vested in the parent and the beneficial interest in the minor son. By the terms of our code, no formal words are necessary to create a trust estate, and whenever a manifest intention is exhibited that another person shall have the benefit of the property conveyed, the grantee shall be declared a trustee. As we have seen, this parent was in no sense, legally or technically speaking, a guardian of the plaintiff's property. He did take the legal title. The beneficial interest was vested in the son. We think, therefore, that the effect of the transaction was the creation of a trust and the nomination of the parent to be the trustee.

2. It appears from the record in this case that, after the execution of this deed to the father as guardian, the son removed to the State of Florida and remained there until after he attained his majority; that in 1884 the father conveyed this property to the persons under whom the present defendants acquired their title; that the persons to whom the father conveyed went into possession, and, jointly with the present defendants, remained continuously in possession (the property being previous to that time unoccupied) until after more than seven years had elapsed from the time of their first entry; that the purchasers from the father had no actual notice of how he claimed the title or right of possession to the premises, though the deed to him as guardian was recorded in time; that the father's death occurred after the majority of the son, but before the institution of the suit. It will be observed, from this statement of facts, that the legal title to the premises in dispute (treating the con-

veyance to the father as the creation of a trust, and this is necessary in order to give effect to it at all as conveying an interest to the son) resided until the majority of the son in the father, and he at any time might have brought an action of ejectment, in his character as trustee, to recover the premises conveyed by him. There were no limitations over beyond the son, the present plaintiff, to be protected by the father in his capacity as trustee, and therefore the naked trust in favor of the minor son was executed by the majority of the latter. So that at all times from the date of the first entry of the lessors of the present defendants, there was some person representing the legal title to this estate who was competent to sue. Yet, nevertheless, the defendants and those under whom they claim, buying in good faith without actual notice of any equity in the plaintiff, were permitted to remain in the undisputed possession of the premises until after the expiration of more than seven years from the date of their first entry to the institution of the suit. That prescription runs in favor of such a possessor is not now open to question. This court in *Knorr* v. *Raymond,* 73 *Ga.* 758, states the doctrine upon that subject to be: "It is conceded as the well settled law that time does run against the equitable estate of minors, if the legal estate reside in one competent to assert their rights"; citing 8 *Ga.* 6; 51 *Ga.* 139; 55 *Ga.* 25; 61 *Ga.* 54; 65 *Ga.* 571; 66 *Ga.* 324; *Ford et al.* v. *Cook et al.,* 73 *Ga.* 215. The trust being executed by the majority of the son, and he failing to sue within seven years from the first entry by the purchasers from the father, the defendants have acquired a good title by prescription. The judgment of the court therefore, confirming their prescriptive title, must be and is                                     *Affirmed.*