38854.   LEVINE v. SELEY.

Decided May 19, 1961—Rehearing denied June 1, 1961.

*Candler, Cox, McClain & Andrews, Edward Andrews,* for plaintiff in error.

*Sidney Haskins,* contra.

Eberhardt, Judge.   In this case a wife who had obtained a divorce decree and a judgment for alimony in Arkansas for the support of her minor children, which judgment was based upon an agreement of the parties, brought suit in the Civil Court of Fulton County to recover for the unpaid instalments accruing thereunder.   It was alleged that the judgment was entered on February 18, 1948, in the Garland Chancery Court at Hot Springs, Arkansas.   The present action was filed March 30, 1960.   The defendant entered his plea to the statute of limitations as to all payments that had become due under the judgment more than five years prior to the filing of the present action, which was overruled and dismissed by the trial court, after which the case was tried before the judge without a jury, and judgment was entered for the plaintiff for the amount of all unpaid instalments under the Arkansas judgment.

It is conceded that the plaintiff's two children, for whose benefit the judgment was entered, are still minors.   The agreement, which was the basis of the judgment, provided:   "The husband shall pay to the wife the sum of fifteen dollars ($15.00) each and every week for her support and maintenance and for the support and maintenance and education of the two infant children the issue of the marriage herein."   And, it was further provided that "in the event either of the parties to this agreement secures a divorce from the other, then and in that event, notwithstanding the fact that the wife remarries, all payments provided for pursuant to this agreement shall continue as set

forth herein and be construed to be for the support, maintenance and education of the two infants, the issue of the marriage." The agreement was dated October 22, 1947, and, as above stated, there followed a divorce decree obtained by the wife against the husband in which she was awarded custody of the children and by the terms of which it was provided that the agreement of October 22, 1947, is "filed herein and made a part hereof."

The plaintiff in this action, the mother and natural guardian of the minor children, could maintain the action to recover the unpaid instalments for the benefit of the children. *Thomas v. Holt*, 209 Ga. 133 (70 S. E. 2d 595). And since it is for their benefit, the statute of limitation does not run against the accruing instalments under the Arkansas judgment until the children have reached the age of 21. *Code* § 3-801. *Monroe v. Simmons*, 86 Ga. 344 (12 S. E. 643); *Wash v. Wash*, 145 Ga. 405, 406 (3) (89 S. E. 364). We think that this is particularly true since the parents cannot, by a subsequent voluntary settlement between themselves, either nullify or essentially modify the final judgment so as to deprive the children of the support to which they are entitled thereunder. *Glaze v. Strength*, 186 Ga. 613 (198 S. E. 721); *Varble v. Hughes*, 205 Ga. 29, 32 (52 S. E. 2d 303); *Ramsay v. Sims*, 209 Ga. 228, 235 (71 S. E. 2d 639); *Corriher v. McElroy*, 209 Ga. 885 (1) (76 S. E. 2d 782); *Swain v. Wells*, 210 Ga. 394, 397 (80 S. E. 2d 321); *Buxton v. Hooker*, 214 Ga. 271 (104 S. E. 2d 437). If the parents cannot, by positive action, change or alter the judgment as against the minor children, they should not be in position to accomplish such by mere inaction, such as failure to take steps to enforce payment thereunder.

There was no error in the overruling of the plea of the statute of limitations or in the entering of judgment for the entire amount of the accrued and unpaid instalments under the judgment.

*Judgment affirmed. Carlisle, P. J., and Nichols, J., concur.*