## 21334. LEVINE v. SELEY.

CANDLER, Justice. This litigation arose on March 30, 1960, when Mrs. Seley sued her former husband, Jack Levine, in the Civil Court of Fulton County to recover a stated amount as the balance allegedly due her on a judgment for alimony rendered on February 18, 1948, by a court of competent jurisdiction in the State of Arkansas, which required him to pay her $15 per week as alimony for herself and for the maintenance and support of their two minor children, custody and control of whom had been awarded to her by such judgment. Her petition sought recovery of all instalments which had not been paid since the date of the judgment, together with interest thereon. The defendant answered the petition and averred that the plaintiff was entitled to recover only the instalments of alimony which had matured during the five-year period immediately prior to the date on which her suit was filed, together with interest thereon, and plead that her right to recover the amount due on all other past due and unpaid in-

stalments was barred by the provisions of *Code* § 3-701, which fixes a period of five years during which an action may be brought in this State on a foreign judgment. While the suit was pending and on February 22, 1961, the parties stipulated that the plaintiff would be entitled to recover for past-due and unpaid instalments $7,096, plus $1,088.85 as interest to that date, and costs of suit if the defendant's plea of the statute of limitation should be adjudicated adversely to him; but if his plea should be sustained, she would be entitled to recover for past-due and unpaid instalments only $3,000, plus $468.85 as interest to that date, and costs of court. On motion therefor that part of the defendant's answer which plead this State's five-year limitation period for bringing suits on foreign judgments was stricken, and a judgment was rendered in favor of the plaintiff without the intervention of a jury for the full amount sued for by her. On a writ of error to the Court of Appeals, the judgment so rendered by the trial court was affirmed. *Levine v. Seley*, 103 Ga. App. 781 (120 SE2d 676). An application to this court for the writ of certiorari, which assigned error on the judgment rendered by the Court of Appeals, was granted. *Held:*

1. The present suit is one which in its nature is remedial. Accordingly, the law prescribing the time during which it must be brought is the lex fori and not the lex loci; and while it is provided in *Code* § 3-701 that "All suits upon judgments obtained out of this State shall be brought within five years after such judgments shall have been obtained," such statute of limitation nevertheless does not begin to run against alimony-instalment payments provided for in a foreign judgment until maturity, and failure to pay them pursuant to the requirements of the judgment, which was in this case $15 per week for each and every week subsequent to the date on which such judgment was rendered. *Heakes v. Heakes*, 157 Ga. 863, 867 (122 SE 777); *McLendon v. McLendon*, 66 Ga. App. 156 (4) (17 SE2d 252). See also, in this connection, *Fischer v. Fischer*, 164 Ga. 81 (137 SE 821); and *Cleveland v. Cleveland*, 197 Ga. 746 (30 SE2d 605).

2. But in the instant case the Court of Appeals held that the five-year limitation period provided by *Code* § 3-701 should not be applied to the minor children here involved, since *Code* § 3-801 declares that "Infants, . . . who are such

when the cause of action shall have accrued, shall be entitled to the same time, after the disability shall have been removed, to bring an action, as is prescribed for other persons." Here, a suit was brought by the plaintiff mother to enforce a foreign judgment for alimony she obtained, which, under its terms and because of her remarriage, was at that time an obligation of the father to pay a weekly amount of $15 to the mother for the support, maintenance, and education of their minor children who were in her custody. And since this was a judgment for alimony which the plaintiff obtained, we think the Court of Appeals erred in holding that she could recover in this litigation all unpaid and past-due instalments which the judgment provided for since her children were minors and for that reason the bar of the five-year limitation statute for bringing suits on foreign judgments did not apply. *Code* § 30-208 provides that "Orders, decrees, or verdicts [for alimony], permanent or temporary, in favor of the children of the family of the husband, may be enforced as those in favor of the wife exclusively." Accordingly, it is a well-settled rule of law in this State that the right to enforce a judgment for alimony either for the wife alone, or for herself and her minor children who are in her custody or only for her minor children when she has custody of them is vested exclusively in the mother. The same rule applies to the enforcement of an award for attorney fees in an alimony case. See *Kirby v. Johnson,* 188 Ga. 701 (4 SE2d 643); *McLendon v. McLendon,* 192 Ga. 70 (14 SE2d 477); *Blackburn v. Blackburn,* 201 Ga. 793 (2) (41 SE2d 519); *Thomas v. Holt,* 209 Ga. 133 (70 SE2d 595); and *Lipton v. Lipton,* 211 Ga. 442 (86 SE2d 299). In the *Thomas* case, supra, it was unanimously held: "The purpose and intent of the provisions in *Code* §§ 30-207 and 30-215 is to relieve the father of his common-law liability to support his minor child or children, and substitute therefor a liability by virtue of a court decree, whereby he is required to contribute a specified amount at fixed intervals to the person having the custody of such child or children, and that the person receiving such amounts should use them for the support and maintenance of such child or children. When an award is made in favor of a wife for permanent alimony in a final decree, to be paid to her by the husband for the maintenance and support of their minor child who is in the

wife's custody, upon receipt of each payment she should use the same solely for the benefit of the child. In the receipt and use of such money, she acts as a trustee or guardian of the minor child." And where, as here, the plaintiff mother had for a considerable period of time supported and maintained the children involved without receiving all of the alimony which her former husband had been ordered to pay her for the support and maintenance of such children, a suit by her against him having the character of the present one is in reality and for all practical purposes one to recover an amount sufficient to reimburse her for amounts she had personally expended from her own funds, which her former husband should have paid and was legally bound to pay to her under the terms of the alimony judgment. In these circumstances, her laches in bringing an action against him to recover any past-due and unpaid instalment on the alimony judgment ought to be applied against her as in cases where an ordinary recovery for money due is sought, or as in cases where the arrears in alimony relate to alimony for her own support. Since the right to enforce payment of any past-due and unpaid part of the alimony judgment here involved was vested by law exclusively in the plaintiff mother, who had custody of the children involved in this action, the bar provided for by Code § 3-701 applied to her; and, since no right to enforce the judgment was vested in the children, it cannot be held that the five-year limitation period for bringing a suit on such a foreign judgment by the plaintiff mother was tolled because of the minority of her children; and this is true since, as we have just pointed out, the right to sue on the judgment was in her and not in them. For cases decided by this court which are in principle controlling authority for the latter ruling made by us, see *Pendergrast v. Foley*, 8 Ga. 1; *Wingfield v. Virgin*, 51 Ga. 139; *Knorr v. Raymond*, 73 Ga. 749 (8); and *McCrary v. Clements*, 95 Ga. 778, 780 (22 SE 675).

3. For the reasons stated in the two preceding divisions, we hold that the judgment rendered by the Court of Appeals is erroneous.

*Judgment reversed. All the Justices concur.*

SUBMITTED OCTOBER 10, 1961—DECIDED OCTOBER 24, 1961.

*Candler, Cox, McClain & Andrews,* for plaintiff in error.