## 73677, 73678. BAIRD v. HERRMANN; and vice versa.

(353 SE2d 75)

DEEN, Presiding Judge.

Margie Herrmann Baird obtained a divorce from Donald Herrmann in Michigan in 1977. Under the divorce decree, as modified in 1979, Herrmann was obligated to pay $66 weekly for the support of their two children. On February 14, 1982, in a Uniform Reciprocal Enforcement of Support Act (URESA) action commenced by Baird in Michigan and pursued in Clayton County, Georgia, by the State of Georgia as responding state, the Clayton County Superior Court ordered Herrmann to pay $50 per week, effective December 14, 1981; in that order, the superior court also declared that "[n]o finding of arrearage is assessed against the respondent . . ."

The Michigan divorce decree was subsequently domesticated by the Clayton County Superior Court on December 30, 1985, and in March 1986 Baird filed this garnishment action against Herrmann's employer in the Fulton County State Court, claiming that Herrmann owed over $6,000 for past child support. Herrmann filed a traverse, and following a hearing, at which the parties stipulated that an arrearage of $3,028 had accumulated since December 14, 1981, the trial

court awarded Baird that amount but sustained the traverse as to any prior arrearage.

In Appeal No. 73677, Baird contends that the trial court erred in concluding that the February 1982 order in the URESA action precluded finding and recovery for any arrearage for any time prior to December 14, 1981. In Appeal No. 73678, Herrmann contends that the trial court erred in rejecting an assignment by one child who had reached the age of majority, purported to transfer to Herrmann that child's interest in the child support arrearage. *Held*:

1. OCGA § 19-11-71 provides that "[a]ny order of support issued by a court of this state when *acting as a responding state* shall *not* supersede any previous order of support issued in a divorce or separate maintenance action, but the amounts for a particular period paid pursuant to either order shall be credited against amounts accruing or accrued for the same period under both." The Supreme Court has clearly stated that under this Code section, in conjunction with OCGA § 19-11-43, "the court having jurisdiction in the responding state makes an independent determination of a 'fair and reasonable'" amount of support to be paid, and that a URESA action has no effect upon a prior judgment in a divorce. *State of Ga. v. McKenna*, 253 Ga. 6, 8 (315 SE2d 885) (1984); see also *Earley v. Earley*, 165 Ga. App. 483 (300 SE2d 814) (1983). In the present case, if an arrearage existed under the original divorce decree, the order in the URESA action, in which the superior court declined to assess an arrearage against Herrmann, did not eliminate that liability. Accordingly, the court below erred in holding that Baird was precluded from collecting any arrearage that may have accumulated prior to the date of that order in the URESA action.

2. At the hearing, Herrmann asserted that his son, who had reached the age of majority, had assigned his interest in child support payments to Herrmann, and that the stipulated arrearage thus should be reduced by half. In his cross appeal, Herrmann contends that the trial court refused to consider evidence on this matter. Even a cursory review of the record contradicts this contention, as the trial court admitted into evidence the purported assignment and specifically stated: "it's an interesting point. I'll hear evidence on that." The trial court, however, concluded that the purported assignment was void, and we agree.

"[T]he right to enforce a judgment for alimony either for the wife alone, or for herself and her minor children who are in her custody or only for her minor children when she has custody of them is vested exclusively in the mother." *Levine v. Seley*, 217 Ga. 384, 386 (123 SE2d 1) (1961). "And where, as here, the plaintiff mother had for a considerable period of time supported and maintained the children involved without receiving all of the alimony which her former hus-

band had been ordered to pay her for the support and maintenance of such children, a suit by her against him having the character of the present one is in reality and for all practical purposes one to recover an amount sufficient to reimburse her for amounts she had personally expended from her own funds, which her former husband should have paid and was legally bound to pay to her . . ." Id. at 387.

Herrmann contends that the child's right to child support was a chose in action assignable under OCGA § 9-2-20 (b). "We see no virtue in this position except that of bold and courageous novelty." *Van Winkle & Co. v. Wilkins*, 81 Ga. 93, 103 (7 SE 644) (1888). OCGA § 9-2-20 (b) concerns the power of a third-party beneficiary to enforce a contract, which a court-ordered obligation to support one's child most assuredly is not.

*Judgment reversed in Appeal No. 73677; judgment affirmed in Appeal No. 73678. Birdsong, C. J., and Pope, J., concur.*

DECIDED JANUARY 21, 1987.

*Daniel F. Byrne*, for appellant.
*William R. L. Latson*, for appellee.