## 77767. BROOKINS v. BROOKINS.
### (380 SE2d 494)

CARLEY, Chief Judge.

OCGA § 9-3-20 provides that "[a]ll actions upon judgments obtained outside this state shall be brought within five years after such judgments have been obtained." The issue presented for resolution in this discretionary appeal is the applicability of OCGA § 9-3-20 in an action for child support arrearages instituted pursuant to the Uniform Reciprocal Enforcement of Support Act (URESA), OCGA § 19-11-40 et seq.

This issue arises from the following facts: Appellee-wife and appellant-husband were divorced in Ohio in 1974. In 1985, appellee instituted this URESA action against appellant, seeking to recover arrearages in child support awarded by the Ohio judgment. Relying upon OCGA § 9-3-20, appellant moved to dismiss the URESA petition, insofar as it sought a recovery of child support arrearages which had accrued more than five years prior to the initiation of the action.

The trial court denied appellant's motion and entered a judgment against him for the arrearages. Appellant's application for a discretionary appeal to this court was granted in order that we might address the issue of the applicability of OCGA § 9-3-20.

URESA was enacted to *"improve and extend* by reciprocal legislation the enforcement of duties of support and to make uniform the law with respect thereto." (Emphasis supplied.) OCGA § 19-11-41. Accordingly, a URESA action for child support arrearages cannot be viewed as a traditional "action on a foreign judgment." Compare *Levine v. Seley*, 217 Ga. 384 (123 SE2d 1) (1961). A URESA action for child support arrearages seeks enforcement of a duty of support and it is a proceeding wherein the foreign judgment does not constitute the gist of the action, but is merely evidence from which the extent of the child support obligor's default in meeting his duty can be quantified. When consideration is given to the express legislative intent underlying enactment of URESA, it would be anomalous to hold that a URESA action for child support arrearages is nevertheless subject to the same principles that would be applicable in a traditional "action on a foreign judgment." "The purpose of URESA is to improve the enforcement of the duty of support, [cit.], not to impair that duty." *Ray v. Ray*, 247 Ga. 467, 469 (277 SE2d 495) (1981). Rigid adherence to OCGA § 9-3-20 would not improve the enforcement of the duty of support but, in our increasingly mobile society, would make this state a haven for any child support obligor who had successfully evaded his duty to support his children for more than five years. "[A] mechanical application of [OCGA § 9-3-20] in this situation would frustrate the purposes of the URESA. . . . URESA was designed to facilitate collection of support from absent parents in distant states . . . without incurring excessive transportation and litigation expenses." *Brookins v. Brookins*, 257 Ga. 205, 206 (2) (357 SE2d 77) (1987). Moreover, the inapplicability of OCGA § 9-3-20 in a URESA action for child support arrearages is consistent with authority from a neighboring jurisdiction. See *Wood v. Hunter*, 504 S2d 553 (Fla. App. 4th Dist. 1987). "While we are not bound by the decisions of . . . other states, they are particularly persuasive because we are interpreting a reciprocal uniform law." *State of Ga. v. McKenna*, 253 Ga. 6, 9 (315 SE2d 885) (1984). "URESA was born of the failure of the common and statutory law existing in the various states. [Cit.] It announces the public policy of those states adopting the Act to exert every effort to force delinquent and recalcitrant parents who are able to meet their natural obligation to support their minor children who are in need." *Wood v. Hunter*, supra at 555 (3).

Accordingly, we hold that OCGA § 9-3-20 does not provide appellant with a statute of limitation defense to this URESA action for child support arrearages under the Ohio judgment. The trial court

correctly denied appellant's motion to dismiss and entered judgment against appellant for all accrued arrearages.

*Judgment affirmed. Deen, P. J., and Sognier, J., concur.*

DECIDED MARCH 8, 1989 —
REHEARING DENIED MARCH 21, 1989 —

*Blandford & Werbin, John L. Blandford*, for appellant.

*Robert E. Wilson, District Attorney, Sheila A. Connors, Assistant District Attorney*, for appellee.