A93A1737. DEPARTMENT OF HUMAN RESOURCES et al.
v. WESTMORELAND.
(436 SE2d 706)

BIRDSONG, Presiding Judge.

This is a discretionary appeal of the order of the superior court dismissing a Uniform Reciprocal Enforcement of Support Act (URESA) petition.

In July 1982, Linda Lewis was granted a divorce decree and appellee James W. Westmoreland was required to pay $250 child support for two children. In September 1983, pursuant to a URESA petition from Oregon between the same parties and regarding the same children, a child support order in the amount of $161.85 per month per child was entered in this state. In 1990, Linda Lewis filed a second URESA petition from Oregon seeking a child support increase. Appellee filed a motion to dismiss. The superior court granted appellee's motion on the ground, inter alia, that Linda Lewis was barred from modifying the prior URESA decree by bringing a second URESA action. The trial court in essence concluded that the second URESA petition was in effect an attempt to modify the previous URESA action and thus was invalid. This is a case of first impression for this court. *Held*:

The purposes of the URESA "are to improve and extend by reciprocal legislation the enforcement of duties of support and to make uniform the law with respect thereto." OCGA § 19-11-41. The remedies provided by URESA "are in addition to and not in substitution of any other remedies." OCGA § 19-11-45; *Brookins v. Brookins*, 257 Ga. 205, 207 (2) (357 SE2d 77). URESA was designed to facilitate collection of support from parents residing in distant states without compelling the custodial parent to incur excessive transportation and litigation expenses. See generally *Brookins v. Brookins*, 190 Ga. App. 852, 853 (380 SE2d 494), citing *Brookins v. Brookins*, supra, 257 Ga. at 206 (2). We must dispose of this issue with a view toward facilitating the legislative purposes of URESA.

A URESA action is not a modification action or merely a collec-

tion action, but is an independent proceeding for support. *State of Ga. v. McKenna*, 253 Ga. 6, 9 (315 SE2d 885), overruling in part *Bisno v. Biloon*, 161 Ga. App. 351 (291 SE2d 66). Accordingly, each URESA action, being independent in nature, must be judicially evaluated within its context.

While URESA " 'announces the public policy . . . to exert every effort to force delinquent and recalcitrant parents who are able to meet their natural obligation to support their minor children who are in need' " (*Brookins v. Brookins*, supra, 190 Ga. App. at 853), a URESA action is not limited to those situations where a parent has " 'failed and refused to support' the child." *Evans v. State of Ga.*, 178 Ga. App. 1, 2 (2) (341 SE2d 865) (physical precedent only). OCGA § 19-11-52 provides that "no [URESA] cause of action shall arise unless the obligee is in need of support or the obligor has failed and refused to support the obligee." We agree that "[i]t is clear from the statute that a cause of action arises under URESA if *either* the obligee (here the minor child) is in need of support *or* the obligor (here [appellee]) has failed and refused to support the obligee." *Evans*, supra. The fact the father has been diligent in making past support payments would not preclude a URESA action in those instances where the obligee child is in need of support.

Further, OCGA § 19-6-19 is not intended to and does not provide any limitation on the filing of subsequent URESA actions. See *Konscol v. Konscol*, 151 Ga. App. 696 (261 SE2d 438).

The result here obtained is consistent with the purposes of URESA. We are not unmindful of the allegations of appellee regarding the conduct of his former spouse; however, our interpretation of URESA cannot be swayed by the clean hands or lack thereof of the respective parents. This court must concern itself primarily with the intent of the legislature, being appropriately mindful of the ancient (but ever increasingly important) parens patriae *prerogative* of a just society to cast a mantle of sovereign protection around those suffering of traditional legal disabilities.

*Judgment reversed. Pope, C. J., and Andrews, J., concur.*

DECIDED OCTOBER 1, 1993 —
RECONSIDERATION DENIED OCTOBER 21, 1993

*Michael J. Bowers, Attorney General, William C. Joy, Senior Assistant Attorney General, Cynthia H. Frank, Staff Attorney*, for appellants.

*Mullins & Whalen, Nancy A. Bradford*, for appellee.