S93A1349. DEPARTMENT OF HUMAN RESOURCES ex rel.
HOLLAND v. HOLLAND.
(440 SE2d 9)

BENHAM, Justice.

The Georgia Department of Human Resources (DHR) brought this action against appellee in the name of appellee's adult daughter to recover child support arrearages and to revive a dormant decree. The trial court ruled that the daughter was not the proper party to bring the action and that, there being no disputed issues of fact, appellee was entitled to summary judgment. This court granted DHR's application for discretionary review and posed the following question: Is summary judgment appropriate when the trial court concludes that the proceeding has not been brought by the proper party?

1. Before addressing the question posed, we will consider the underlying question of who is the proper party to bring this action. The trial court relied on *Levine v. Seley,* 217 Ga. 384 (123 SE2d 1) (1961), for the proposition that the right to bring the action is vested exclusively in the mother, and on *Baird v. Herrmann,* 181 Ga. App. 579 (353 SE2d 75) (1987), for the proposition that the right of action cannot be assigned to the child even when the child reaches its majority. DHR argues that those cases are no longer viable because the statute on which *Levine* is based was subsequently amended and because the Court of Appeals ignored the amendment in deciding *Baird.* The Code section relied upon by this court for the pertinent holding in *Levine* was former Code Ann. § 30-208 (now OCGA § 19-6-16) which read, prior to 1979, as follows: "Orders, decrees, or verdicts, permanent or temporary, in favor of the children or family of the husband, may be enforced as those in favor of the wife exclusively." In 1979, that section was amended and now reads, "Orders, decrees, or verdicts, permanent or temporary, in favor of the children may be enforced as those in favor of a party." DHR contends that the amendment to the Code section worked a procedural change expanding the class of persons entitled to enforce child support decrees. Our view of the amendment is not so expansive. In the preamble to the 1979 revision of what is now Title 19 of the Official Code of Georgia Annotated, among many purposes stated is "to change certain discriminatory provisions of Georgia law, so as to provide for equal protection under the law . . . ." Ga. L. 1979, p. 466. Although other reasons were also given for the amendment, including changes to the provisions for enforcing awards, we believe the revision of the section at issue here was for the purpose of making the statute gender-neutral. Before

amendment, it was phrased so as to presume that the husband would be paying child support and the wife would be enforcing child support provisions. All the amendment did was to remove gender from the statute. Now, instead of specifying which party shall have standing to enforce judgments for the benefit of the children, it merely provides that one of the parties shall. We hold that the amendment did not, as DHR contends, deprive *Levine* and *Baird* of their viability. The holdings in those cases remain good law: the right to bring an action to enforce a child support award in a divorce decree is vested exclusively in a party to the divorce decree, specifically the custodial parent.

That the child is not a party to the divorce decree is further established by our recent decision in *Dept. of Human Resources v. Fleeman*, 263 Ga. 756 (439 SE2d 474) (1994). We held there, in the context of an action brought by DHR pursuant to OCGA § 19-11-6 (a) to recover support on behalf of a child who had received public assistance, that the "child was not a party to or represented in the divorce proceeding, and is not a privy to either of the parties." Id. at 758. That holding should apply with equal force to an action, such as the present action, brought pursuant to the authority in OCGA § 19-11-6 (c), which permits DHR to "accept applications for child support enforcement services from any proper party or person notwithstanding the fact that the child or children do not receive public assistance." By referring to "a proper party or person," the statute has sufficient flexibility to encompass a situation such as that in this case in which there is a divorce decree as well as situations in which there is no decree to enforce.

The cases cited by DHR for the proposition that the support belongs to the child do not hold that the child is a party to the case and thus entitled to enforce the provisions of the decree. One of those cases, *Johnson v. Johnson*, 233 Ga. 664, 665 (212 SE2d 835) (1975), does state flatly that the right to support belongs to the child and not to the custodial parent who, therefore, has no authority to waive the right. Although that case is silent on the issue of who may enforce the right, it relies upon *Livsey v. Livsey*, 229 Ga. 368 (191 SE2d 859) (1972), also cited by DHR, where this court identified the right to support as belonging to the child, but noted that the right "may be exercised at the election of the mother or other person having legal custody of the children . . . ." In the third case cited by DHR on this point, *Law Office of Tony Center v. Baker*, 185 Ga. App. 809, 810 (366 SE2d 167) (1988), the Court of Appeals emphasized that the custodial parent is "a mere trustee charged with the duty of seeing that [child support is] applied solely for the benefit of the children." That holding serves to reinforce the principle that the child is not a party to the decree entitled to enforce it, but is instead the intended beneficiary whose rights must be enforced by a trustee.

We conclude, therefore, that the trial court was correct in holding that the proper party to enforce the child support provisions of the decree involved in this case was not appellee's daughter but his former wife.

2. We do not agree, however, with the remedy applied by the trial court. The trial court's holding that the right to enforce the child support provisions of the decree involved in this case is vested exclusively in appellee's former wife rather than in his child is a holding that the child is not the real party in interest.

"Under OCGA § 9-11-17, 'a real-party-in-interest objection is similar to the defense of failure to join an indispensable party under (OCGA § 9-11-19) . . . .' [Cit.] It has often been held that '(a) summary judgment contemplates a judgment on the merits and cannot be used as a matter in abatement.' [Cits.] It follows that summary judgment cannot properly be granted to a defendant on the basis of a real-party-in-interest objection. [Cit.]" *Warshaw Properties v. Lackey*, 170 Ga. App. 101, 102 (316 SE2d 482) [(1984)].

*Wurlitzer Co. v. Watson*, 207 Ga. App. 161 (1) (427 SE2d 555) (1993). The trial court erred in granting appellee's motion for summary judgment.

*Judgment reversed. All the Justices concur.*

DECIDED FEBRUARY 21, 1994 —
RECONSIDERATION DENIED MARCH 2, 1994.

*Michael J. Bowers, Attorney General, William C. Joy, Senior Assistant Attorney General, William M. Droze, Assistant Attorney General, D. Leon Sproles,* for appellant.
*Barkley & Garner, Richard E. Barnes,* for appellee.