A96A0986. DEPARTMENT OF HUMAN RESOURCES v. PRUITT.
(476 SE2d 764)

BLACKBURN, Judge.

The Department of Human Resources (DHR) appeals the trial court's decision to dismiss its petition filed pursuant to the Uniform Reciprocal Enforcement of Support Act (URESA). OCGA § 19-11-40 et seq. The DHR, acting on behalf of Ohio resident Donald Gordon, was seeking to collect child support and arrearages from Georgia resident Barbara Pruitt based on a child support order that Gordon obtained in an Ohio court. The trial court dismissed the petition on the grounds that the Ohio court lacked personal jurisdiction over Pruitt when it entered the order. We granted the DHR's application for discretionary appeal.[1]

Interstate URESA actions begin when an out-of-state parent, guardian, or child support collection agency attempting to collect support files a URESA application in the county of the state where the obligor resides (responding state). OCGA §§ 19-11-50 through 19-11-54; 19-11-60. The responsibility for prosecution generally rests on the district attorney of that county. OCGA § 19-11-53. In Georgia, the

---

[1] As part of its appeal, the DHR asserts that the Ohio judgment should be given full faith and credit under 28 USC § 1738B which specifically addresses when full faith and credit may be accorded to child support orders. However, because the applicability of this statute was never raised in or addressed by the trial court, this Court cannot review the issue on appeal. *Professional Practices Comm. v. Brewer*, 219 Ga. App. 730, 732 (466 SE2d 651) (1995) (failure to raise issue in trial court precludes appellate review).

district attorney acts with the assistance of the DHR. OCGA § 19-11-58.

URESA provides two different types of actions for obtaining child support that may be used either separately or in conjunction. First, if the duty of support is based upon a child support order obtained in a foreign state, the responding state may seek to register that foreign order. OCGA §§ 19-11-77 through 19-11-81. The second type of URESA action is an independent proceeding for support where the support decision is made by the responding court employing the law of the responding state. See *Dept. of Human Resources v. Westmoreland,* 210 Ga. App. 603 (436 SE2d 706) (1993) (this type of URESA action is not "merely a collection action, but is an independent proceeding for support").

In responding to a registration attempt, the local obligor may raise "only matters that would be available to him as defenses in an action to enforce a foreign money judgment." OCGA § 19-11-80 (a). One such defense would be the foreign court's lack of in personam jurisdiction. See *Okekpe v. Commerce Funding Corp.,* 218 Ga. App. 705, 706 (463 SE2d 23) (1995). Should the trial court in the responding state permit its registration, the foreign support order may be collected on the same terms as a support order entered in the responding state. OCGA § 19-11-81. In the present case, however, the DHR did not check the designated box on the pre-printed petition form indicating that it was attempting to register the Ohio support order. Moreover, even if registration was the DHR's intent, such an attempt would fail as the petition did not contain all of the materials mandated for registering a foreign support order. See OCGA § 19-11-79 (a) (3).

Rather, the DHR was pursuing the second type of URESA action in which the court of the responding state makes its own independent determination regarding whether support is owed as well as its own determination as to what amount of support is appropriate. See *Brookins v. Brookins,* 190 Ga. App. 852, 853 (380 SE2d 494) (1989) (this type of URESA proceeding is not comparable to a "traditional" action on a foreign judgment). In this type of URESA action, the trial court of the responding state determines whether the obligor owes a duty of support applying the support laws of the state where the obligor was present during the period for which support was sought. OCGA § 19-11-49. In the absence of other evidence, the obligor is presumed to have been present in the responding state during the period for which support is sought. Id. If the responding court finds that such a duty of support exists, it enters its own support order in an amount that it determines to be appropriate. Specifically, the obligor "may be required to pay for this support a fair and reasonable sum according to his means, as may be determined by the [respond-

ing] court." OCGA § 19-11-43 (1).

Consequently, in this case, the Georgia trial court must make its own determination, after applying Georgia law, as to whether Pruitt owes a duty of support. If the Georgia trial court finds such a duty, then it must make its own decision as to what amount of support Pruitt must pay. While a responding court *may* enforce an existing order pursuant to OCGA § 19-11-63, it is also free to "enter a support order that is greater than, as well as less than, a prior judgment." *State of Ga. v. McKenna*, 253 Ga. 6, 9 (315 SE2d 885) (1984). Because the Georgia trial court exercises its own discretion on these issues, the arguments about whether the Ohio court had jurisdiction over Pruitt when it entered its order are misplaced as the Georgia court is in no way bound by the pronouncements of the Ohio court. See id. at 8-9 (independent URESA proceeding "does not affect, and is not bound by, prior foreign judgments"); see also *Brookins*, supra at 853 (in a URESA action for child support arrearages, "the foreign judgment does not constitute the gist of the action, but is merely evidence from which the extent of the child support obligor's default . . . can be quantified").

Our finding that jurisdictional attacks against an order of a foreign court are inappropriate in this type of proceeding is consistent with the purpose of URESA.[2] Prior to the statute's enactment, a complaining parent or guardian who lived in a state different from the obligor often faced expensive and inefficient battles to collect support. See *Westmoreland*, supra at 603. URESA established an alternative method of collection that was uniform and reciprocal as to all participating states. OCGA § 19-11-41. Clearly, one purpose in creating such a scheme was to eliminate some of the jurisdictional battles often attendant to interstate support actions. To dismiss this type of URESA action based on a jurisdictional attack against the order of a foreign court would impair, not effectuate, the purpose of this type of URESA proceeding which is to enforce duties of support — not prior support orders.

In light of the above, the trial court erred in dismissing the DHR's petition based on the Ohio court's lack of jurisdiction over Pruitt. This matter is hereby remanded so that the trial court may make its own determination as to whether Pruitt owes a duty of support and, if so, what amount of support would be appropriate,

---

[2] "The purposes of the URESA are to improve and extend by reciprocal legislation the enforcement of duties of support and to make uniform the law with respect thereto. . . . URESA was designed to facilitate collection of support from parents residing in distant states without compelling the custodial parent to incur excessive transportation and litigation expenses. We must dispose of this issue with a view toward facilitating the legislative purposes of URESA." (Citations and punctuation omitted.) *Westmoreland*, supra at 603.

employing those precepts outlined in OCGA §§ 19-11-43 and 19-11-49.

Moreover, we note that the Ohio court order obtained by Gordon is not rendered meaningless as a result of this decision. By its own design, a URESA action is an alternative remedy for collecting support — not the exclusive one. The URESA statute expressly provides: "[a]ny order of support issued by a court of this state when acting as a responding state shall not supersede any previous order of support issued in a divorce or separate maintenance action, but the amounts for a particular period paid pursuant to either order shall be credited against amounts accruing or accrued for the same period under both." OCGA § 19-11-71. Consequently, if Gordon is unhappy with the amount awarded or collected in this URESA action, barring a double recovery, he is free to pursue "any number of [other] remedies" seeking satisfaction of the Ohio judgment. *State v. Overstreet*, 170 Ga. App. 635, 636 (318 SE2d 65) (1984); see *Baird v. Herrmann*, 181 Ga. App. 579 (353 SE2d 75) (1987) (URESA action in which Georgia responding court awarded less support than prior Michigan decree did not bar claimant from domesticating Michigan decree and seeking the discrepancy).

*Judgment reversed and remanded. Beasley, C. J., and Birdsong, P. J., concur.*

DECIDED AUGUST 21, 1996 —
RECONSIDERATION DENIED OCTOBER 10, 1996.

*Michael J. Bowers, Attorney General, William C. Joy, Senior Assistant Attorney General, Stephanie M. Baldauff, Kevin O'Connor, Assistant Attorneys General*, for appellant.

*Michael D. Reynolds*, for appellee.